THE APPEAL TAX COURT OF BALTIMORE CITY *vs.* THE NORTHERN CENTRAL RAILWAY COMPANY.

*Situs for the Assessment of the Rolling Stock of a Railroad Company.*

The home office of the appellee being in the City of Baltimore, its rolling stock must be taxed in that city.

APPEAL from the Baltimore City Court.

This appeal was taken from a *pro forma* order passed by the Court below, on the 9th September, 1878, in proceedings instituted by the Northern Central Railway Company under the Act of 1876, ch. 260, sec. 28, whereby the Appeal Tax Court was directed to strike certain property of the Company, as not subject to taxation, from the list of property, valued and assessed to it. From this order the Appeal Tax Court appealed. The case is further stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., MILLER, ALVEY and ROBINSON, J., for the appellant; no brief was filed for the appellee.

*A. Leo Knott, State's Attorney for Baltimore City,* and *Charles J. M. Gwinn, Attorney General,* for the appellant.

The statutory provisions, relating to the appellee, construed by this Court in *State vs. Northern Central R. W. Co.,* 44 *Md.,* 160, differ essentially from those, which were construed by the Supreme Court in the cases of the *Central Railroad and Banking Company vs. Georgia,* and *South Western Railroad Company vs. Georgia,* 92 *U. S.,* 666–677. In the Georgia cases, the Central Railroad and Banking Company, and the South Western Railroad Company were not merged in the respective new organizations of which

they became members, and their respective original char-
ters remained operative. The cases which are precisely
analogous to the case decided by the Court of Appeals in
44 *Md.*, 160–169, and by which its reasoning and conclu-
sions are fully supported, are the cases of *Shields vs. Ohio,*
95 *U. S.*, 320–325; and *Railroad Company vs. Maine,* 96
*U. S.*, 507–513.

The appellee was incorporated by the Pennsylvania Act
of May 3rd, 1854, as well as°by the Maryland Act of 1854,
ch. 250; and was, therefore, a distinct corporate body in
each one of said States. *Ohio and Mississippi R. R. Co.,
vs. Wheeler,* 1 *Black,* 297, 298; *Railroad Co. vs. Harris,*
12 *Wall.*, 82, 83; *Railroad Co. vs. Whitton,* 13 *Wall.*, 284;
*Muller vs. Dows,* 94 *U. S.*, 446–448.

The presumption of law, in the absence of averment and
proof to the contrary, is that the valuation of the rolling
stock, belonging to the appellee, was made in the locality
in which the appellee had its principal office, or place of
business, in this State. *State vs. Reaney,* 13 *Md.*, 240;
*Strother vs. Lucas,* 12 *Pet.*, 437.

If the rolling stock of the appellee must be treated as
movable fixtures, then, until some provision is made by
law for creating different *situs,* for different portions of
such rolling stock, in use upon different parts of the line
of the appellee within this State, the valuation of such
property must be made at the principal place of business
of the appellee in this State. Such property·is confessedly
not real estate in the meaning attached to those words in
the·General Assessment Act. It is not property, which
is, as a matter of fact, permanently located in any city or
county of this State. It is property used from day to day
in carrying freight and passengers to and from the *situs*
of the appellee in the City of Baltimore. This property,
consisting, under the ruling in 18 *Md.*, 217, 218, of mov-
able fixtures, belonging to the appellee, which have con-
fessedly no *situs* of their own as property permanently

located in any city or county of this State, must, therefore, for purposes of taxation, under our existing laws, be located at the *situs* of their owner, the appellee, in the City of Baltimore. They can be properly valued in no other place. *Pacific R. R. vs. Cass Co.*, 53 *Mo.*, 31, 32; *Hodges on Railways*, (5th Eng. Ed.,) 629, 665; *Stevens vs. Buffalo and N. Y. R. R. Co.*, 31 *Barb.*, 596; *Beardsley and Kirkland vs. Ontario Bank*, 31 *Barb.*, 619; *Randall vs. Elwell*, 52 *N. Y.*, 521; *Orange and Alexandria R. R. Co. vs. City Council of Alexandria*, 17 *Grattan*, 185; *Railroad Co. vs. County of Morgan*, 14 *Ill.*, 163; *Pacific R. R. Co. vs. Cass Co.*, 53 *Mo.*, 31, 32; *R. R. Co. vs. Saco*, 60 *Maine*, 196.

*Bernard Carter* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee was formed by the consolidation of the Baltimore and Susquehanna Railroad Company, with the York and Maryland Line Railroad Company, the York and Cumberland Railroad Company and the Susquehanna Railroad Company.

In *State vs. The Northern Central Railway Co.*, 44 *Md.*, 160, it was decided that although the corporate rights and privileges formerly belonging to the Baltimore and Susquehanna Railroad Company, including the exemption of the shares of its capital stock from taxation, were vested in the new Company, formed under the Act of 1854, ch. 250, yet that the rights and privileges thus conferred operated as grants of original powers to the new Company.

The Court further decided that the charter thus granted to the Northern Central Railway Company was under the Constitution of 1850, and the Constitution of 1867 now in force in this State, subject to amendment: and that the exemption from taxation granted by such charter had been repealed by the Act of 1866, ch. 157, and by the Act of 1870, ch. 322.

The right to tax the property of the appellee is, therefore, no longer an open question.

We have also decided in *Philadelphia, Wilmington and Baltimore Railroad Company vs. Appeal Tax Court, ante p.* 397, that the rolling stock of a railroad company is not real estate under the General Assessment Act; and that whether it is to be considered as *movable fixtures*, or as personal property, it was under the terms of that Act liable to assessment at the home office, or principal place of business of the Company.

Assuming, then, the home office of the appellee to be in Baltimore City, it follows that its rolling stock must be taxed in that city.

The order of the Court below, directing the property of the appellee to be stricken from the tax lists of that city, must therefore be reversed.

*Order reversed, and*
*cause remanded.*