(Decided 26th February, 1879.)

---

APPEAL TAX COURT OF BALTIMORE CITY *vs.* THE PULLMAN PALACE CAR COMPANY.

*Situs for Assessment of Palace and Sleeping Cars hired out to Railroad Companies.*

The palace and sleeping cars built and owned by the appellee, and leased or hired out by it to railroad companies, and which are used upon the various railroads which run in and through this State are not subject to taxation under the Act of 1876, ch. 260, as the appellee is a corporation created by the laws of Illinois, and has its principal office or place of business in the City of Chicago.

APPEAL from the Baltimore City Court.

This appeal was taken by the Appeal Tax Court from a *pro forma* order of the Court below, passed on the 17th July, 1878, in proceedings instituted by the Pullman Palace Car Company, under the Act of 1876, ch. 260, sec. 28, whereby the appellant was directed to strike from the list of property valued and assessed to the appellee, as not subject to taxation, sundry palace cars belonging to it. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*A. Leo Knott, State's Attorney for Baltimore City*, and *Charles J. M. Gwinn, Attorney-General*, for the appellant.

It must be presumed, that the cars belonging to the appellee, and which it claims are exempt from taxation, were leased or hired, for the purpose of being used by railroad companies, operating railroads in this State, in the same manner as they would have been used, if they had belonged to such respective railroad companies.

The Court of Appeals of this State, in *State vs. Northern Central Railway Co.*, 18 *Md.*, 217, 218, held that cars of any description in use upon a railroad were movable fixtures attached to such railroad. If such cars, when attached to a line of railroad traversing this State, be movable fixtures, they are not, as matter of fact, permanently located in any one city or county of this State; but they are, nevertheless, movable fixtures, located in this State. If the railroad, to which these cars are attached, is wholly within this State, such movable fixtures are wholly within this State. If such railroad is partly in this State, and partly in another State, such movable fixtures are located in both States. But certainly such property, which must be regarded as movable fixtures, when attached to a line of railroad traversing one State only, does not cease

to be movable fixtures when they are attached to a line of railroad crossing the territory of two or more States. Such cars are, on the contrary, movable fixtures in every State in which they form a part of the equipment of the railroad traversing such States; and being such movable fixtures, they have a *situs* in each State in which they are thus used, and are subject in each State to taxation.

In cases of this description, the theory that the domicile of the owner draws to it his personal estate, cannot be applied; first, because the property is not, according to the opinion of the Court of Appeals, personal estate; and second, because, if it could be so regarded, it is personal estate of so fixed a character, that the interests of justice require that its actual *situs* should be examined and established, and that it should be valued for taxation at such *situs*. *Green vs. Van Buskirk,* 7 *Wallace,* 150; *Freke vs. Lord Carberry, L. R.,* 16 *Eq. Cases,* 466, 467.

It is certainly difficult to determine the rule which ought to be applied to the valuation of movable fixtures, which are in daily use in more than one State. If a part were in use only in one State, and a part only in another State, or in other States, each part so used would be valued at its full cash value in such respective States. If, to increase the profit, the same property is used daily upon a line of railroad passing through two or more States, it is difficult to see why the increased use and profit should not be followed by increased taxation. If the property is aggregated daily in each State, through which the line of railroad passes, for the purpose of earning more revenue for its corporate owner, it is difficult to see why it should be distributed, for the purposes of taxation, in order to diminish the revenue of the States in which it is thus used. The use of the same movable fixtures by one owner, in different States, is matter of his own choice; and if such owner uses the same property, day by day, in different States, it is difficult to understand why such owner should

not pay, in each State in which the property is so used, the same public charges which an owner of like property would have been obliged to pay, if he had used such property in such State.

If the Court should be of the opinion that the rule thus suggested might be difficult of application, then it is submitted that so many of these cars ought to be subjected to valuation and assessment as are used upon lines of railroads in Maryland. It must be presumed that they take the place of a corresponding number of cars, which the respective railroad companies in this State would have been obliged to provide, if they had not leased such cars from the appellee. That number of cars ought to be held to be taxable as the property of the appellee in this State, which would have necessarily been procured to do a business of the same character by the railroad companies within this State, as parts of their equipments, if they had not leased or hired such cars from the appellee. It does not matter to this State to what extraneous uses of profit these cars are applied. These considerations, which are to the advantage of the appellee, ought not to diminish the rights of the State.

*John K. Cowen,* for the appellee.

The cars of the appellee do not have their *situs* in the State of Maryland, and are not, therefore, taxable therein.

It is admitted that none of the sleeping cars are permanently located either in the State of Maryland or in the City of Baltimore. Some of them are used as " through palace and sleeping cars" from Baltimore to Chicago, St. Louis, Cincinnati and Columbus, Ohio, over several different railroad lines; others are used as through cars between the cities of Richmond and New York, passing through Baltimore; and some of them are used on the various lines of railroads, as through cars, from Washington through Baltimore to New York, and from Baltimore

to Pittsburg, Columbus, Indianapolis, St. Louis, Chicago and other cities.

All the cars do is to pass over the territory of Maryland; some of them stopping in Baltimore long enough simply to be attached to the next train, and carried again out of the State; others not stopping at all, but passing simply through the city. The corporation is one of Illinois, with its principal office in Chicago.

It is beyond the power of the State to attempt to tax such property as the cars of this company, " which do not so abide within the city as to become incorporated with and form a part of its personal property." *St. Louis vs. Ferry Co.*, 11 *Wallace*, 423–432; *Hays vs. Pacific Stp. Co.*, 17 *How.*, 599; *City of New Albany ·vs. Meekin*, 3 *Ind.*, 481; *B. & O. R. R. Co. vs. Wilkens*, 44 *Md.*, 11.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order of the City Court striking from the list of property assessed to the appellee, thirty-six palace cars, valued at $900,000. The appellee is a corporation created by the laws of Illinois, and having its principal office or place of business in the City of Chicago, in that State, where the principal business of the company is transacted, and where the meetings of its board of directors and stockholders are held. This corporation builds and owns palace and sleeping cars, which it leases or hires out to railroad companies. The cars in question are used upon the various railroads which run into and through this State, as through cars on the several routes between the large cities of the country, and in traversing such routes pass through several States, and remain but a short time in any one State or city. These we understand to be conceded facts, and the question is, are these cars liable to taxation in Maryland under our present assessment Act? That question has been definitely settled by the decisions of this Court recently made in the two cases of *The Appeal*

*Tax Court vs. The Phila., Wilm. & Balt. R. R. Co.,* and *Same vs. The Northern Central Railway Co.* In these cases it was decided that the rolling stock of a railroad company is not real estate in view of the assessment Act of 1876, and whether it is to be considered as *"movable fixtures,"* or as personal property, it is, by the terms of that Act, liable to assessment only at the home office or principal place of business of the company. Hence the rolling stock of the former company was held not to be liable to taxation because its home office or principal place of business was not in Maryland, and that of the latter company was subjected to taxation because its home office was in Baltimore. The principle upon which these decisions rest is applicable to the cars of the appellee, and it is quite plain there was no error in the order directing them to be stricken from the list of assessable property.

> *Order affirmed, and*
> *cause remanded.*

(Decided 26th February, 1879.)