STATE FOR USE OF ROBERTSON *v.* MILLER, STATE REVENUE
AGENT, *et al.*\*

(Division B.   Oct. 25, 1926.)

[109 So. 900.   No. 25601.]

1. TAXATION.
   Laws 1924, chapter 170, relative to revival of suits for unpaid taxes
   by successor to revenue agent, is retroactive, entitling present
   revenue agent to share of commissions on suits brought by his
   successor before adoption of act.

2. STATUTES.
   Statute will be construed to be prospective and not retroactive,
   where that can be done and preserve its meaning and purpose.

3. CONSTITUTIONAL LAW. *Taxation.*
   Laws 1924, chapter 170, authorizing division of commissions on re-
   vival of suits for unpaid taxes by successor to revenue agent, *held*
   not in violation of Constitution, Mississippi, section 16, Constitu-
   tion, United States, article 1, section 10, paragraph 1, because
   of retroactive effect as applying to suits instituted by successor
   before passage of act.

4. CONSTITUTIONAL LAW.
   Laws 1924, chapter 170, relative to revival of suits for unpaid taxes
   by successor to revenue agent, *held* not in violation of Constitu-
   tion, sections 1, 2, as conferring judicial power on revenue agent.

(614)

5. CONSTITUTIONAL LAW.
   Statute, if reasonable construction will admit thereof, will not
   be held unconstitutional.

6. STATES.
   Laws 1924, chapter 170, relative to revival of suits for unpaid taxes
   by successor to revenue agent, *held* not in violation of Constitu-
   tion, section 100, as authorizing revenue agent to remit or ex-
   tinguish lawful obligation of taxpayers.

---

*Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., p. 788, n.
98; States, 36 Cyc, p. 871, n. 87; Statutes, 36 Cyc, p. 1205, n. 13; p.
1207, n. 15; p. 1208, n. 34; Taxation, 37 Cyc, p. 1191, n. 30 New; p. 1197,
n. 77.  Duty to adopt construction sustaining constitutionality of stat-
ute, see 25 R. C. L. 1000; 3 R. C. L. Supp., 1437; 4 R. C. L. Supp., 1615;
5 R. C. L. Supp., 1358; 6 R. C. L. Supp., 1498.

APPEAL from circuit court of First district, Hinds coun-
ty.

HON. W. H. POTTER, Judge.

Action by the state, for the use of Stokes V. Robertson,
against W. J. Miller, state revenue agent, and another.
Judgment for plaintiff for less than the amount sued for,
and he appeals.   Affirmed.

*Thomas H. Johnston* and *Stokes V. Robertson,* for ap-
pellant.

I.   Under section 7068 of Hemingway's Code, and sec-
tion 4750 of the Code of 1906, Stokes V. Robertson, form-
er state revenue agent, having filed the suits mentioned
in the declaration to recover past due and unpaid priv-
ilege taxes and damages and income taxes, was entitled
to all the commissions allowed the revenue agent, such
taxes and damages have been actually collected by his suc-
cessor, except the amount contracted by him to his depu-
ties and attorney.   Chapter 170, Laws of 1924, does not

abate any of these suits; nor does it attempt to repeal section 510 of Hemingway's Code.

II.   Chapter 170, Laws of 1924 is not retrospective in its operation, but prospective only and hence cannot affect the rights of the former revenue agent to all the commissions not contracted away by him.  25 R. C. L., p. 786, sec. 35; 25 R. C. L., p. 795, sec. 43.

III.   Chapter 170, Laws of 1924 is violative of the Constitution of Mississippi and the Constitution of the United States, in the following particulars.

(1)   It violates sections 1 and 2 of the Constitution of Mississippi, in that it gives to the successor of the state revenue agent the right to investigate and determine the merits of all suits brought by his predecessor in office and the right to determine whether they are just and should be proceeded with, and prohibits the courts in which said suits are brought from proceeding with the cases in any way until such action is taken by the successor, and thus gives to an officer in the executive department powers that belong peculiarly and exclusively to the judicial department of the government. Secs. 1 and 2, Constitution of Miss. .

(2)   It violates section 100 of the Constitution of Mississippi, in two particulars, viz., (a) While the act in question provides that any suit which may be dismissed, or abated under the provisions of the act by the successor of the revenue agent, shall be dismissed or abated without prejudice to the state, county, city or town, it makes no such saving whatever in favor of the obligations or liabilities due the *levee boards*.   (b)   If the act in question does not provide in so many words that such liabilities or obligations shall be remitted, released, or in any way diminished or postponed, it certainly does place in the hands of the successor to the revenue agent

the power, either by action or non-action to postpone indefinitely fixed obligations and liabilities due these taxing districts. *Johnston* v. *Reeves*, 72 So. 925, is not controlling in this case.

(3)   It violates section 16 Constitution of Mississippi, and article 1, section 10, paragraph 1 Constitution of the United States, in that it impairs the obligation of contract.   (a)   In suing for past due and unpaid taxes, the state revenue agent's right to his commissions accrues *when he files suit for such taxes,* and thus accruing, his inchoate right to the commissions provided by law ripens into a contract—he has performed the service which, under the law entitles him to his commissions—the contract arises by implication of law.   Garrott v. Robertson. 83 So. 177; *Robertson* v. *Shelton,* 127 Miss. 360; *Miller* v. *Henry,* 103 So. 203.   (b)   The constitutional inhibition against the passing of any law impairing the obligation of contract applies as well to *implied contracts* as to express contracts.   *Fisk* v. *Police Jury, etc.,* 116 U. S. 131; 6 Sup. Ct. Rep. 329; 29 Law Ed. 587.

Reporter's Note:   Brief for the appellee is missing from the record.

ANDERSON, J., delivered the opinion of the court.

Appellant, Stokes V. Robertson, predecessor in office of the present state revenue agent, brought this action in the circuit court of Hinds county against the present state revenue agent, W. J. Miller, and the surety on his bond, the American Surety Company, appellees, for appellant's commissions on certain taxes and damages collected by the present state revenue agent from certain individuals and corporations, for which appellant had brought suits against such individuals and corporations before his retirement from office, and which suits were

then pending. Appellant recovered judgment for two hundred forty-four dollars and sixty cents, being one-half of the amount sued for. From that judgment appellant prosecutes this appeal.

Appellant's declaration alleges that, while he was revenue agent, in the discharge of the duties of his office, and after the 1st day of August, 1923, he brought certain suits against certain corporations and individuals for past-due and unpaid privilege taxes and damages thereon, due the Yazoo Mississippi levee board, and against others for past due and unpaid income taxes due the state of Mississippi; that appellant, in his official capacity, had contracted with J. L. Davis, one of his deputies, to pay him one-half of the twenty per cent. commissions allowed the state revenue agent for the collection of income taxes, and with C. D. Ross, one of his deputies, to pay him one-half of such commissions for the collection of privilege taxes and damages thereon, and that he had contracted with Thomas H. Johnston, an attorney, to represent him in all cases brought by him as state revenue agent for the collection of the above-mentioned income taxes and privilege taxes and damages thereon, and had agreed to pay him one-fourth of such commissions; that appellee W. J. Miller was the present state revenue agent, and successor in office to Stokes V. Robertson, and the appellee, American Surety Company, was surety on the present state revenue agent's bond; that, after the present revenue agent had qualified and entered upon the discharge of his duties, appellant advised him of his contract with said deputies and attorney; that the present revenue agent, in the discharge of his duties as such, had collected certain privilege taxes and damages, as well as income taxes, for which appellant, as his predecessor, had entered suits before the expiration of his term of office. The declaration sets out the individuals and corporations sued, giving their names, the court in which

the suits were pending, and the total amount of taxes collected from them, viz, nine thousand four hundred eighty-four dollars and seven cents, by the present revenue agent after he went into office. The declaration avers that appellant became, and was entitled to five per cent. of said sum, or the sum of four hundred eighty-nine dollars and twenty cents, which amount, the present revenue agent had received for the use of appellant, and which amount the present revenue agent had failed and refused to pay over to appellant.

By agreement of parties a jury was waived, and the case tried before the court sitting as judge and jury. It was further agreed between the parties as follows:

"It is further agreed that Stokes V. Robertson, former state revenue agent, prior to the expiration of his term of office, and subsequent to the 1st day of August, 1923, instituted the suits set out in the three declarations in the courts of the various counties as therein recited, and as a result of all of said suits, except that of the Merchants' Grocery Company and the Alabama & Vicksburg Railway Company, the taxes sued for were collected by W. J. Miller, state revenue agent, and the successor in office of the said Stokes V. Robertson, and that the twenty per cent. commissions for the fees due the state revenue agent for making such collections were deducted by him before said taxes were paid into the proper treasury; that, as, to the Merchants' Grocery Company and the Alabama & Vicksburg Railway Company suits, income taxes were collected for a portion of the period of time for which the said Stokes V. Robertson had instituted suit, in the amounts set out in the declarations herein, and that, before the said W. J. Miller, state revenue agent, paid over the amount of the income taxes so collected, he deducted or retained therefrom twenty per cent. commission thereon, paying the remainder, or eighty per cent. thereof, to the state of Mississippi."

Appellant was the only witness testifying in his behalf, and his testimony, in substance, was as follows: That, as state revenue agent, and about four years before the expiration of his term of office, he had contracted with one J. L. Davis, the usee in No. 5788, as one of his deputies, and had agreed to pay him one-half of the twenty per cent. commission allowed the state revenue agent for the collection of all past-due and unpaid income taxes; that, as the amount collected was usually small, and the detail work in collecting the same voluminous, he allowed this amount in all income taxes collected, but that David had worked up all the income claims and suits involved in these suits; that he had also contracted with one C. D. Ross, as a deputy, to pay him one-half of the twenty per cent. commissions allowed the state revenue agent in the collection of past-due and unpaid privilege taxes, and damages thereon, in all cases worked up by him, and that this deputy had worked up the cases mentioned in the declarations; that he contracted with Thomas H. Johnston, attorney, the usee in cause No. 5789, to represent him in all suits filed by him as state revenue agent for the collection of both privilege taxes, damages, and income taxes, which said attorney had done; that he sent the said W. J. Miller, state revenue agent, a list of all the suits filed by him, the names of the parties sued, the nature of the suits, and the courts in which said suits were then pending, and, at the same time advised him of the contract he had made with his deputies and attorneys in each of said cases.

The only witness for appellees was the present revenue agent, W. J. Miller, whose testimony, in substance, was as follows: That, as state revenue agent, he had collected all the taxes sued for by his predecessor in office in the suits mentioned in the declarations, except in the Merchants' Grocery Company and the Alabama & Vicksburg Railway Company cases, and in these two suits he

had collected a part of the income taxes sued for in the amounts set out in the declarations; that none of these suits had been revived in his name, but that he collected the taxes from the defendants against whom, and for which, the suits were brought; that he investigated the income tax, and collected the same from the Merchants' Grocery Company, through one Birdsong, a deputy, with whom he had a written contract to pay him one-half of the commissions allowed the state revenue agent, which he had done; and that he had employed the firm of Wells, Stevens & Jones, attorneys, by written contract, under the instructions of Hon. Cecil E. Inman, chairman of the state tax commission, to investigate liability for, and to collect income taxes from, public service corporations; and that this firm of attorneys for him had demanded of and collected from the Alabama & Vicksburg Railway Company the amount of the income taxes as set up in the declarations, and he had paid them one-half of the commissions, as he had agreed to do under his written contract with them; that in making these settlements he ignored the suits brought by his predecessor in office. Neither of the written contracts were offered in evidence, and at the close of the testimony of this witness the plaintiff for the use, etc., moved to exclude the same, because it was incompetent and irrelevant, which motion was overruled by the court.

The question to be determined is whether or not, under the law, appellant and his deputies and attorney, with whom he had contracted, were entitled to the entire twenty per cent. commissions on taxes collected by W. J. Miller, present state revenue agent, suit for which had been brought against certain corporations and individuals by appellant during his term of office, or whether the present state revenue agent, W. J. Miller, is entitled to one-half of such commissions remaining after paying appellant's deputies and attorney the share of the com-

missions which appellant had contracted to pay them, which remaining share of such commissions amounted to five per cent. The trial court rendered a judgment dividing this five per cent. between appellant and the present revenue agent. The contention of appellant is that he was entitled to a judgment for the whole amount of the remaining five per cent. commissions. The cause turns upon the proper construction of, and the constitutionality of, chapter 170, Laws of 1924, which is an amendment to chapter 231, Laws of 1916 (Hemingway's Code, section 7068).

Appellant contends that chapter 170, Laws of 1924, is not retroactive, but prospective alone, and, therefore, has no application to suits brought by him for taxes prior to the adoption of that act; that the statute of which said act was amendatory was therefore in force, and controlling, and under it he and his deputies were entitled to the entire twenty per cent. commissions on the taxes involved collected by the present revenue agent. When chapter 170, Laws of 1924, was adopted, the suits brought by appellant out of which his claim for commissions in this cause arose had already been brought and were pending. Appellant contends that, the statute being only prospective, his rights are controlled by chapter 231, Laws of 1915, of which chapter 170, Laws of 1924, is amendatory. Under the former act, if in force, appellant and his deputies and attorney would be entitled to the entire commissions of twenty per cent.

It is true, as appellant contends, that one of the well-established rules of statutory construction is that a statute will be construed to be prospective and not retroactive, where that can be done and preserve its meaning and purpose. The courts look with disfavor on such statutes. We are of opinion, however, that to so construe chapter 170, Laws of 1924, would render it ambiguous, in fact, meaningless, in some of its provisions. On the other hand, construing the statute as retroactive, its

meaning and purpose are plain and without ambiguity. Take section 1 of the act. It provides, among other things, that the successor of the revenue agent may allow suits to be conducted in his name where same are "now pending," and further along in that section it is provided that no suit "now pending, or that may be hereafter filed," etc., and section 1 concludes with this language:

"But nothing in this act shall apply to or preclude the prosecution of suits where judgments or decrees have been obtained or suits on appeal are pending in the supreme court of Mississippi."

In the proviso to section 1 of the act, this language is used, that "where the existing revenue agent shall find," etc. In section 2 of the act, this language is used, "The expenses of all suits where the successor of the revenue agent *has* joined therein" (italics ours); and in section 4 of the act it is provided, among other things, that this act shall not apply to suits brought by the revenue agent prior to August 1, 1923. To give these quoted provisions of the act their usual and well-understood meaning, the act must be construed as retroactive.

Appellant contends that to construe chapter 170, Laws of 1924, as retroactive would make it violative of section 16 of the Constitution of this state, and article 1, section 10, paragraph 1, of the Constitution of the United States, in this, that it would impair the contract of the state to remunerate appellant for services already rendered the state at the time of the adoption of the statute. Appellant's position is that the bringing of the suits by him during his term of office for the taxes in question, which taxes were afterwards paid by the individuals and corporations sued to his successor in office, entitle him to his commissions on such taxes, and that such commissions could not be taken away by a retroactive statute. It is the law, as contended by appellant, that, where the revenue agent brings a suit for taxes due the state or any of its political subdivisions, and afterwards the taxes are paid by the defendant taxpayer, the revenue agent

is entitled to the commissions allowed him by the statute. *Garrett* v. *Robertson,* 120 Miss. 731, 83 So. 177; *Robertson* v. *Shelton,* 127 Miss. 360, 90 So. 83; *Miller* v. *Henry,* 139 Miss. 651, 103 So. 203; *Miller, Revenue Agent,* v. *Thos. H. Johnston* (No. 25601½), 109 So. 715, handed down at the present term of court.

By authority of those decisions, appellant argues that the suits in question brought by him during his term of office resulted in the collection of the taxes sued for by the present revenue agent, and, therefore, the commissions had been earned, and the state was under an implied contract to pay the same to him at the time of the adoption of chapter 170 Laws of 1924. The present revenue agent combats that position with the principle of constitutional law that the holder of a public office does not hold it by virtue of any contract with the state; that he has no vested right in his term of office, nor in the fees and emoluments thereof; and that, therefore, the legislature may abolish the office, and thereby take away from the incumbent thereof the fees and emoluments of the office without violating either section 16 of the state Constitution or article 1, section 10, paragraph 1, of the Constitution of the United States, which prohibit the legislature from impairing the obligation of a contract. To sustain his position he cites *Hyde* v. *State,* 52 Miss. 665; *Johnson* v. *Reeves,* 112 Miss. 227, 72 So. 925. Appellant argues, however, that the principle declared in those cases has no application to the facts in the present case; that, if the statute here involved is given a retroactive effect, it not only takes away the unearned fees and emoluments, but also the earned fees and emoluments of his office as well, because, he says, that his commissions on the taxes here involved had already been earned when chapter 170, Laws of 1924, was adopted, and, to sustain his position, cites *Fiske* v. *Police Jury of Jefferson Parish,* 116 U. S. 131, 6 S. Ct. 329, 29 L. Ed. 587, in which it was held that, although a person elected to an office for a definite term has no such contract with the

government he serves as to prevent the legislature from abolishing the office, or diminishing its duration, or removing him from office, nevertheless, after his services have been rendered under the law which fixes his compensation therefor, there arises an implied contract on the part of the state for the payment of such services at the rate fixed, and such a contract is a completed contract, its obligation is perfect, and rests on the remedies which the law then gives for its enforcement. The protective power of the Constitution against the impairment of contracts is not confined to express contracts—to specific agreements; it applies to a much larger class, in which one party, having delivered property, paid money, rendered service, or suffered loss at the request of, or for the use of, another. In such cases the law completes the contract by implying an obligation on the part of the person served to make compensation. The supreme court said in that case that the compensation already earned by a public officer could no more be impaired by a law of the state than the obligation arising on a promissory note.

We do not doubt that, if appellant had entirely completed his official service in suing for and collecting the taxes involved, the legislature could not, by retroactive statute, take away from him his compensation due for such services, but this is not that character of case. There was a gap between the time of the institution of the suits by appellant for the taxes involved and their collection by his successor, in which, under the statute, there were other services to be performed, and which were performed, by his successor in office, in order to bring about the collection of the taxes. The duty was imposed by statute on appellant's successor to look into the merits of the suits for taxes which were instituted by appellant, and submit to the courts in which same were pending the question whether such suits should be prosecuted or not. In other words, during that interval, it was made the duty of appellant's successor to in-

144 Miss.—40.

vestigate the merits of the claims upon which the suits which appellant had brought were based, and submit to the courts in which the same were pending the question whether such suits should be prosecuted or not. That service by appellant's successor the legislature deemed a necessary and valuable service. Appellant went out of office before that service was rendered. Therefore, it was a service not rendered by appellant, but by his successor in office. The compensation for that service was an unearned emolument of office on the part of appellant. Under the statute it was an emolument earned by his successor in office, and therefore the legislature had the right to provide that his successor should have a reasonable division of the fees of the office for that service, and, in doing so, did not impair any vested right of appellant.

Appellant contends that chapter 170 of the Laws of 1924 is violative of sections 1 and 2 of the Constitution, which divides the power of the government into three distinct departments, each confided to a separate magistracy, and prohibiting persons belonging to one of these departments from exercising any power or authority properly belonging to either of the others. The contention is that these provisions of the Constitution are violated by the statute, in that the statute provides that no suit brought by the retiring revenue agent shall be proceeded with until the merits of such suit have been investigated and determined by his successor in office. It is argued that this authority conferred upon the incoming revenue agent is judicial authority; that the revenue agent's office belongs to the executive department of the government, and, therefore, it was not competent for the legislature to confer upon him judicial authority which properly belongs to another department of the government. If it is possible, within the bounds of reason, a statute should not be held to be unconstitutional. If it will admit of two reasonable constructions, one that would render it unconstitutional, and the other constitutional, the latter construction must be adopted. Ap-

plying this principle to the statute involved, we are of opinion that it confers no judicial power on the incoming revenue agent which properly belongs to the courts. And we reach this conclusion because the statute will admit of the construction that the investigation by the incoming revenue agent of the merits of suits brought by his predecessor does not make the judgment of the incoming revenue agent as to the merits of such suits final. The incoming revenue agent must submit to the courts in which such suits are pending the result of his investigation and judgment thereon as to their merits, and the courts must determine whether they shall be revived and proceeded with or not. We think such a construction of the statute to be in accord both with its language and its purpose, and, so construed, it does not run counter to sections 1 and 2 of the Constitution invoked by appellant.

Appellant contends, further, that the statute is violative of section 100 of the Constitution, which provides, in substance, that no obligation of any person, association, corporation, held or owned by the state, levee board, or any county, city, or town, shall be remitted, released, postponed, diminished, or extinguished by the legislature, except by payment thereof into the proper treasury, etc. Appellant's argument, in substance, is that the statute gives the incoming revenue agent absolute authority to determine the merits of suits brought by his predecessor, and dismiss them if he sees fit, and that such authority necessarily carries with it authority of the incoming revenue agent to remit, release, postpone, diminish, or extinguish an obligation of a taxpayer, although such obligation may be fixed and due by said taxpayer.

A complete answer to that contention is the construction we have already put upon the statute in this opinion. No such authority is conferred upon the incoming revenue agent by the statute. Investigation by the incoming revenue agent of the merits of suits brought by his predecessor and his judgment as to whether they shall

be prosecuted or not is not final. The courts in which such suits are pending have the final determination of that question. If such suits have merit, the courts in which they are pending will refuse to dismiss them, and will order them to be proceeded with. If they have no merit, and are dismissed by the courts in which they are pending, as should be done, then there is no obligation of the taxpayer to be remitted, released, postponed, or diminished.

*Affirmed.*