STATE, FOR USE OF THOMPSON, *v.* CLOUD, SHERIFF, *et al.*[*]

(Division B.    March 14, 1927.    Suggestion of Error Overruled April 11, 1927.

[112 So. 19.    No. 26204.]

VENUE. *Statute held not to warrant granting change of venue to county of public officer's residence in cause pending at its passage (Laws 1926, chapter 155, amending Laws 1918, chapter 149).*

     Chapter 155, Laws of 1926, providing; among other things, that if a public officer be sued out of the county of his household and residence, although the surety or sureties on his bond, or other joint defendant be sued with him and be found in the county where the suit is brought, the venue shall be changed to the county of his residence, is not retroactive, but operates prospectively and does not apply to suits pending at the time the act was passed, and does not warrant the court in granting a change of venue in said pending cause.

[*]Corpus Juris-Cyc References: Statutes, 36Cyc, p. 1205, n. 13; p. 1207, n. 14; p. 1217, n. 64, 65; Venue, 40Cyc, p. 117, n. 23.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Suit by the state, for the use of Crisler Thompson, against M. M. Cloud, sheriff of Madison county, and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*H. B. Greaves* and *M. S. McNeil,* for appellant.

This case was pending at the time the act was amended one motion for a change of venue having been overruled by the court, pleas having been filed and preparation having been made for the trial; hence, chapter 155, Laws of 1926, could not and did not have a retrospective effect, so as to affect the steps already taken in this case. *Carson* v. *Carson,* 40 Miss. 350; 35 Cyc. 1451.

If it is contended that this act of the legislature was intended to cover pending causes brought before the statute was amended, then it is our contention that the statute is unconstitutional and void when applied to pending causes or to this particular suit. *Mabry* v. *Baxter,* 58 Tenn. 862, fully covers the questions involved. See, also, *Brown* v. *Haywood* (Tenn.), 4 Heisk. 537; *Baines* v. *Jamison et al.*, 23 S. W. (Tex.) 639.

The general rule seems to be that a statute should not receive such a construction as to make it impair existing rights or create new obligations or impose new duties or disabilities in respect to past transactions unless such plainly and expressly appears to be the intention of the legislature. The wording of this amendment would indicate that the legislature intended to say that if a citizen resident in this state shall in the future be sued, or a public officer in the state of Mississippi in the future shall be sued, in any such action, etc. See 36 Cyc. 1217; *Martin* v. *O'Brien et al.,* 34 Miss. 31; *Richards* v. *City Lbr. Co.,* 101 Miss. 691; *Davidson Bros. Marble Co.* v. *U. S., on the relation of Murray Gibson,* 53 L. Ed. 675; *U. S. F. & G. Co.* v. *Struthers Wells Co.,* 209 U. S. 306, 52 L. Ed. 804, 28 Sup. Ct. Rep. 537; *Brown* v. *Wilcox et al.,* 14 S. & M. 127; *Anderson* v. *Wilkinson,* 10 S. & M. 601. It cannot be successfully contended that the case of the *Easterling Lbr. Co.* v. *Pierce,* 106 Miss. 672, conflicts with our view of the law in this case.

The following authorities sustain the contention that the law cannot act retroactively unless it is shown clearly on its face that the intention is retroactive. *Boyd* v. *Barringer,* 23 Miss. 269; *Grant* v. *I. O. S. of J.,* 97 Miss. 182; *Powers* v. *Wright,* 62 Miss. 35; *Green* v. *Anderson,* 39 Miss. 359; *Carson* v. *Carson,* 40 Miss. 349; *Ingersoll* v. *D. & M. R. Co.,* 32 L. R. A. 362; 8 Cyc. 1022; 36 Cyc. 1201; *Richards* v. *City Lbr. Co.,* 101 Miss. 678; *Davidson Bros. Marble Co.* v. *U. S.,* 53 L. Ed. 675; *Title Guaranty Co.* v. *U. S.,* 57 L. Ed. 969; *Powell* v. *Mortgage Co.,* 112

Miss. 312; *R. R. Co.* v. *Ross,* 60 Miss. 641; 36 Cyc. 1205; 14 A. L. R. 707; 27 A. L. R. 479.

This case should be reversed and remanded for trial to the Copiah county circuit court.

*W. H. & R. H. Powell* and *Wm. M. Hall,* for appellees.

Chapter 155, Laws of 1926, authorizing the change of venue is constitutional and the circuit court of Copiah county did not err in changing the venue to Madison county under said law. Before the act of 1926 was passed the defendants moved the circuit court of Copiah county to change the venue under the old law which was overruled and the case was continued. Thereafter the law of 1926 was passed and thereafter, before a jury was empaneled, the defendants moved the court for a change of venue under that law, which the court sustained. Such action was correct. Even before the enactment of chapter 155, Laws of 1926, we contend that the change should have been made and, in our opinion, *Dean* v. *Brannon,* 104 So. 173, should be overruled. Be that as it may, the Laws of 1926 now control and not that case.

For various statutes on venue, see Hemingway's Code, sections 486, 487, 488, 489, 3293, and 3294. All of these sections have been upheld by our supreme court. Why should the act of 1926 be construed differently? All relate to court procedure and no substantive right is affected. The law of 1926 is clearly upheld by *Easterling Lbr. Co.* v. *Pierce,* 106 Miss. 672. All doubts in favor of the constitutionality of the act are resolved in its favor. *Ib.* 680.

The rule as to retroactive statutes does not apply to remedies, rules of evidence, or modes of procedure. *Ib.* 685. If no substantive right is affected, the act is good. *Ib.* 685.

The legislature can pass retroactive laws which do not impair the obligations of contracts nor divest vested rights. *Carson case,* 40 Miss. 349; *Read case,* 42 Miss.

472. Rules of evidence may be changed so as to apply such new rules to cases arising before their adoption. *Carothers case,* 41 Miss. 71.

The "equal protection of the laws" clause of the federal constitution means subjection to equal laws alike to all in the same condition. *Adams case,* 53 So. 692.

However, in no sense can the law of 1926 be considered retroactive as by its terms it applies to all cases where motion is made before the jury is empaneled, and no jury has yet been empaneled in this case. Remedial statutes which neither create new rights nor take away vested ones, can be enacted whether they are prospective or retrospective. 51 L. R. A. 917.

Statutes can be enacted to apply prospectively or retrospectively where no contract is impaired or vested right is disturbed. 12 L. R. A. 50. The rule against the application of retroactive statutes does not apply to proceedings pending at the time of their enactment where they neither create new, nor take away vested rights. 26 L. R. A. (N. S.) 398, 902-03.

Where a new statute deals with procedure only *primafacie,* it applies to all actions, those which have *occurred* or are pending and future actions. 25 L. R. A. (N. S.) 189; 26 L. R. A. (N. S.) 898, 902-03. But where substantive rights are involved, a statute will not be given ordinarily, a retroactive operation if it takes away existing substantive rights or creates new liabilities in connection with past transactions. 38 L. R. A. (N. S.) 526.

No substantive rights are taken away and no new liability is created by the law of 1926. A mere privilege to sue in certain counties is taken away. Without the old statutes, no privilege was given to sue in Copiah county. With the new statute that privilege is taken away. Plaintiffs still have the right to sue in Madison county and they have not been deprived of their remedy to litigate according to the due process of law.

The legislature has the sole right to fix the venue. 27 R. C. L., page 779-781, sections 3, 4, 814 and section 34.

Venue statutes have been upheld in California, Kansas, Kentucky, Michigan, Minnesota, Montana, Nebraska, New York, North Carolina, and South Carolina. See *State ex rel. Stephens* v. *District Court et al.,* Ann. Cas. 1912C.

Argued orally by *H. B. Greaves* and *M. S. McNeil,* for appellant and *J. W. Cassedy,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, plaintiff in the court below, filed a suit against the appellee, sheriff of Madison county, defendant in the court below and the United States Fidelity & Guaranty Company, surety on the bond of the appellee, for a personal injury inflicted upon him by the defendant through his deputy sheriffs, all of Madison county. The suit was filed in Copiah county, Miss., and a motion for a change of venue was made before the circuit court of that county by the defendant on the following grounds:

"1. That M. M. Cloud is a resident citizen and householder in said Madison county.

"2. The said United States Fidelity & Guaranty Company is a nonresident incorporated insurance company whose principal place of business is not in Copiah county, Miss.

"3. The alleged loss or damage or cause of action occurred in Madison county, Miss., and not in Copiah county, Miss.

"4. The plaintiff is not a resident citizen of Copiah county, Miss., but has his residence in another county.

"5. Said M. M. Cloud is a public officer, the sheriff of Madison county, Miss., in which county he has his household and residence.

"6. For other reasons apparent on the face of the record and to be assigned at the hearing, and among others that M. M. Cloud is a conservator of the peace of

Madison county, Miss., which requires his presence in said county for the proper discharge of his duties.''

The following facts were agreed to upon the hearing of the said motion:

''1.　That said M. M. Cloud is a resident citizen and householder in said Madison county.

''2.　The said United States Fidelity & Guaranty Company a nonresident incorporated insurance company whose principal place of business is not in Copiah county, Miss.

''3.　The alleged loss or damage or cause of action occurred in Madison county, Miss. ·

''4.　The plaintiff is not a resident citizen of Copiah county, Miss., but has his residence in another county.

''5.　Said M. M. Cloud is a public officer, the sheriff of Madison county, Miss., in which county he has his household and residence.''

The cause was thereupon transferred to Madison county, over the objection of the plaintiff, and a trial had in said county, resulting in a verdict in favor of the defendants, from which judgment an appeal has been prosecuted to this court, and the action of the Copiah county circuit court in granting a change of venue is assigned for error with other assignments.

The suit was filed prior to 1926, and was pending in the said circuit court of Copiah county prior to the assembling of the legislature for the session of 1926. At the 1926 session of the legislature, chapter 155 of the Laws of 1926, amending chapter 149, Laws of 1918, was passed, and approved on February 24, 1926. The section, as amended, reads as follows:

''Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found, and if the defendant is a domestic corporation, in the county in which said corporation is domiciled, or in the county where the cause of action may occur or accrue except where otherwise provided, and except actions of eject-

ment and actions of trespass on land, and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof, is situated; but if the land be in two or more counties, and the defendant resides in either of them, the action shall be brought in the county of his residence, and in such cases, process may be issued against the defendant to any other county. If a citizen resident in this state shall be sued in any action, not local, out of the county of his household, and residence, or if a public officer be sued in any such action, out of the county of his household and residence; although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed on his application, before the jury is empaneled, to the county of his household and residence.''

At the 1926 May term, subsequent to the passage of the act, the above motion for change of venue was made and allowed. Prior to the passage of the above act of 1926, an officer could be sued out of the county of his residence, and was not entitled to have the venue changed to his county where the suit was brought and where a joint defendant lived, or where a surety lived, or, in case of a corporation, where it had an office or place of business. The question for decision now is whether the above act applies to a suit pending before or at the time of the passage of the act.

Ordinarily, a statute is to be given prospective operation, and will not be construed to effect the rights in suits pending before its passage. In *Richards* v. *City Lumber Co.,* 101 Miss. 678, 57 So. 977, this court held that chapter 135, Laws of 1910, providing that in all actions hereafter brought for personal injuries, contributory negligence shall not bar a recovery, was not retroactive. The rule was stated in the third syllabus as follows:

"The rule is fundamental, in the construction of statutes, that they will be construed to have a prospective operation, unless the contrary intention is manifested by the clearest and most positive expression; such a construction should be placed upon a statute in order to preserve, if possible, its constitutionality."

See, also, *Carson* v. *Carson*, 40 Miss. 350; and 36 Cyc. 1217, where it is stated a statute in relation to venue may be given a retrospective operation so as to apply to actions accrued or pending at the time it takes effect, but unless such intention is clearly expressed it will not be given such effect.

We do not think from the language of the above statute that it is intended to have a retrospective application. It should be given a prospective operation; and, consequently, the court below erred in granting the change of venue.

It is unnecessary to consider the other questions presented, and the judgment of the court below will be reversed and the cause remanded to the circuit court of Copiah county for further proceedings.

*Reversed and remanded.*