STRICKLAND *v.* BUSBY *et al.*[*]

(Division A.    April 18, 1927.)

[111 So. 133.   No. 26287.]

VENUE.    *Law authorizing change of venue held inapplicable to suits pending at time of enactment* (*Laws* 1926, *chapter* 155).

Laws 1926, chapter 155, authorizing change of venue in certain cases, *held* not applicable to suits pending at time it was enacted.

---

[*]Corpus Juris-Cyc References: Venue, 40Cyc, p. 117, n. 26.

APPEAL from circuit court of Wayne county.

HON. R. M. BORDEAUX, Judge.

Action by Travis Strickland against Ulmer L. Busby and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

*Jeff Collins,* for appellant.

*Reily & Parker,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Busby is the sheriff of Wayne county, Miss., the United States Fidelity & Guaranty Company is a surety on his official bond, and Norsworthy is one of his deputies. The appellant sued the sheriff, his deputy, and the United States Fidelity & Guaranty Company in Jones county, wherein the United States Fidelity & Guaranty Company was engaged in business through a duly authorized agent on whom service of process was had, for damages sustained by him because of an alleged assault made on him in Wayne county by Busby and his deputy. On Busby's application, the venue was transferred to Wayne county, where the case was tried and a judgment rendered exonerating the sheriff and his deputy, from which judgment the appellant has brought the case to this court.

The suit was originally filed in Jones county in December, 1925, and the change of venue to Wayne county was granted under chapter 155, Laws of 1926, which was enacted on the 24th day of February, 1926.

One of the appellant's contentions is that this statute was not intended to apply to suits pending when it was enacted, and therefore the court below erred in granting the change of venue. Division B of this court has recently so construed this statute in the case of *State, to Use of Crisler Thompson* v. *M. M. Cloud,* 146 Miss. 642, 112 So. 19. Consequently the judgment of the court below must be reversed and the cause remanded to the circuit court of Jones county for further proceedings.

*So ordered.*