## State *ex rel.* Knox *v.* Union Tank Car Co.*

(Division B.   Dec. 17, 1928.)

[119  So.  310.  No.  27350.]

---

*Corpus Juris-Cyc. References: Statutes, 36Cyc, p. 1189, n. 75; p. 1205, n. 13'; Taxation, 37Cyc, p. 812, n. 29; p. 814, n. 43; Statute levying tax to be construed in favor of taxpayer and against enforcement, see 25 R. C. L. 1092; 4 R. C. L. Supp. 1621; 5' R. C. L. Supp. 1365; 6 R. C. L. Supp. 1504; 7 R. C. L. Supp. 864.

*Robert S. Phifer* and *Chalmers Alexander,* for the state.

799

*Broom & Gober*, also filed a brief for the state.

*Campbell, Harding & Goodwin*, *Arthur E. Bristol* and *Green, Green & Potter*, for appellee.

801

802

804

Argued orally by *R. S. Phifer* and *Chalmers Alexander*, for appellant, and *Garner W. Green* and *Arthur Brystol*, for appellee.

PACK, J. In this case there is involved the question of whether appellee should be assessed with back taxes on certain property for eleven years, from 1915 to 1925, both inclusive. Following the enactment of chapter 129, Laws of 1926, notice was given by the attorney-general

to the State Tax Commission that legal steps were contemplated for collecting back taxes of appellee for said time. Thereafter the Tax Commission authorized the attorney-general to take all necessary steps looking to the assessment and collection of said taxes. The taxes, as provided by said chapter, for the year 1926 and the years subsequent thereto are not involved.

At the hearing before the State Tax Commission, appellee appeared and vigorously challenged the authority to make said assessment and to collect said back taxes. Under protest, appellee filed with the Tax Commission the data covering said eleven years, upon which the Commission made a final assessment against appellee in the sum of one million seven hundred fifty-seven thousand and nine hundred fifty-seven dollars, on which sum the Tax Commission held that back taxes should be paid for said time.

Appellee thereafter filed its bill of exceptions with the circuit court of Hinds county, and on the same date sued out a writ of *certiorari,* which writ was duly issued to the State Tax Commission. A motion was filed by special counsel for the attorney-general to quash the writ of *certiorari.* On a hearing before the circuit court it was held that appellee was not liable for said taxes, and the court ordered that the judgment of assessment be quashed and held for naught.

Chapter 129, Laws of 1926, is entitled "An act to provide for the assessment of nonresident persons, firms, partnerships, companies, associations, or corporations engaged in the business of operating, furnishing or leasing cars for the transportation of freight, or to be used in the operation of any railway line or lines, wholly or partially within this state, and providing penalties for the violation of this act."

Section 1 of the act makes it the duty of the Tax Commission to annually assess for taxation property owned and employed in the business of operating, furnishing,

or leasing cars to be used in the operation of any railway lines wholly or partially within the state.

Section 2 defines the word "company" as used in the act. Section 3 defines "a freight line company." Section 4 provides that "Every company engaged in the business of furnishing or leasing cars of whatsoever kind or description, to be used in the operation of any railway line or lines, wholly or partially within this state, such line or lines not being owned, leased, or operated by such company, and such cars not being otherwise listed for taxation in Mississippi, shall be deemed to be an equipment company."

Section 5 prescribes the forms to be used in making up said assessment, and provides, among other things, there there shall be shown the name of the company, the location of its principal office, or place of business, the state under whose laws it was organized, and the names and post office addresses of certain officers of the company, etc.

We quote paragraphs 6 to 8, inclusive, of section 5 of the act, as to what further data these forms shall show, viz.:

"6. The aggregate number of miles traveled within the state of Mississippi by its cars during the preceding calendar year and the aggregate number of miles over each railroad in the state; and the total number of miles traveled by its cars during the preceding calendar year wherever operated.

"7. The average number of miles traveled by the cars of each class of its cars during the preceding year. The number of cars necessary for the mileage traveled within the state of Mississippi, under the circumstances that ordinarily attend the use of such cars, and where different classes of cars are used by said company, as to the matters embraced in this and the preceding paragraph, it shall furnish the required information as to

each class of said car on the forms prescribed and furnished by the state tax commission.

"8. The actual cash value on the first day of February next preceding, of the said number of cars necessary to provide for the mileage to be reported as required by paragraph 6 of this section."

Section 8 of the act provides a scheme for the apportionment of the assessment and the taxes to the various counties and taxing units of the state. Appellee operates no-cars and furnishes no transportation of any kind. It manufactures cars, and under private contracts leases the same to lessees engaged in shipping petroleum products, and other liquid commodities. Appellee is a New Jersey corporation, and has no property located in the state. Some of its lessee shippers from time to time move some of appellee's cars into, out of, and through the state, but the said cars are continuously moving while in the state.

In 1912 the legislature enacted chapter 113 of the Laws of 1912 attempting to assess such property as described herein on a basis of a certain percentage of appellee's gross earnings in the state. Appellee paid this tax from 1913 to 1920, both inclusive, when said law was declared unconstitutional. *C., R. I. & P. R. R. Co.* v. *Robertson*, 122 Miss. 417, 84 So. 449.

In order to uphold the right to assess and collect said back taxes, we would either have to give to chapter 129, Laws 1926, a retroactive effect, or else hold that said property was assessable and liable to taxation under some other revenue law of the state.

A fundamental rule in the construction of tax laws is that such laws will be strictly construed, and all doubt resolved in favor of the taxpayer. *Planters' Lumber Co.* v. *Wells*, 146 Miss. 279, 112 So. 9; *Miller* v. *I. C. R. R. Co.*, 146 Miss. 442, 111 So. 558; 25 R. C. L. 1092, and authorities cited in notes.

Another fundamental rule in the construction of statutes is that they will be given a prospective operation, unless the contrary intention is manifested by the clearest and most positive expression. *State* v. *Cloud,* 146 Miss. 642, 112 So. 19; *State* v. *Miller, etc.,* 144 Miss. 614, 109 So. 902; *Power* v. *Calvert Mortgage Co.,* 112 Miss. 319, 73 So. 51; *Richards* v. *City Lumber Co.,* 101 Miss. 678, 57 So. 977.

No part of chapter 129, Laws of 1926, indicates a retroactive operation, but throughout the act the language employed is clearly prospective.

It is insisted by appellant that said property was subject to taxation throughout all these years, and that chapter 129, Laws of 1926, merely provides a scheme for assessment, and that all property, not expressly exempted from taxation by statute, is taxable, provided it is found within the state on February 1 of the year in which it is sought to be taxed; and chapter 138 of the Laws of 1918 is cited as authority for imposing the tax. This was an act conferring upon the state tax commission authority to assess railroads and other public service corporations, including telegraph, telephone, sleeping car, and express companies. At the time of the passage of this statute, appellee was being assessed and paying taxes under chapter 113, Laws of 1912, and continued to be assessed and to pay taxes thereunder until 1920, when the decision was rendered in *C., R. I. & P. R. R. Co.* v. *Robertson, supra,* declaring this last-named act unconstitutional. This act was not repealed by chapter 138, Laws of 1918, but evidently it was the purpose of the legislature to leave chapter 113, Laws of 1912, as the exclusive scheme for assessing and taxing such property. Otherwise, appellee's property would have been subject to assessment and taxation under both laws, resulting in double taxation—a purpose we cannot impute to the legislature.

It seems that such property as is here involved has been the subject of much discussion and litigation. Assuming, but finding it unnecessary to decide, that chapter 129, Laws of 1926, is free from constitutional objections, we think it may be safely stated that before the state can tax such property as here in question, it must, by proper legislation, fix a taxable *situs* for such property, and provide a method and basis for its assessment. This the state has sought to do by chapter 129, Laws of 1926, with prospective operation only.

As the *situs* of the Union Tank Car Co., appellee, is in the state of New Jersey, that state, as a general rule, would be considered as the *situs* of all its personal property, until this state enacted a statute fixing its taxable *situs* in Mississippi. In 56 Am. Dec. 535, we find a helpful note, as follows:

"This peculiar property, which has furnished the topic of so much discussion, is held to be situated, in the absence of a special statute, in the town where the principal office of the corporation is; that is, at the corporate residence. Without the help of a statute, it is incapable of acquiring a permanent locality or *situs* separated from the owner's residence" citing: "*Mohawk, etc., R. R. Co.* v. *Clute,* 4 Paige [N. Y.] 384; *Appeal Tax Court* v. *Western Md. R. R. Co.,* 50 Md. 274; *Philadelphia, Wilmington, etc., R. R. Co.* v. *Appeal Tax Court,* 50 Md. 397; *Appeal Tax Court* v. *Northern Cent. Ry. Co.,* 50 Md. 417; *Appeal Tax Court* v. *Pullman Palace Car Co.,* 50 Md. 452; *Kansas City, etc., R. Co.* v. *Severance,* 55 Mo. 378; *City of Dubuque* v. *Illinois Cent. R. R. Co.,* 39 Iowa, 56; *Orange, etc., R. R. Co.* v. *Alexandria,* 17 Grat. [58 Va.] 176."

A dependable authority supporting this view is *Marye* v. *B. & O. R. R. Co.,* 127 U. S. 117, 8 S. Ct. 1037, 32 L. Ed. 94. This case arose over an attempt by the state of Virginia to impose and collect a tax on movable property, engines, cars, etc., of a Maryland corporation. The su-

preme court of the United States held, in part:

"It is not denied, as it cannot be, that the state of Virginia has rightful power to levy and collect a tax upon such property used and found within its territorial limits, as this property was used and found, if and whenever it may choose, by apt legislation, to exert its authority over the subject. It is quite true, as the *situs* of the Baltimore & Ohio Railroad Company is in the state of Maryland, that also, upon general principles, is the *situs* of all its personal property; but for purposes of taxation, as well as for other purposes, that *situs* may be fixed in whatever locality the property may be brought and used by its owner by the law of the place where it is found. If the Baltimore & Ohio Railroad Company is permitted by the state of Virginia to bring into its territory and there habitually to use and employ a portion of its movable personal property, and the railroad company chooses so to do, it would certainly be competent and legitimate for the state to impose upon such property, thus used and employed, its fair share of the burdens of taxation imposed upon other similar property used in the like way by its own citizens. And such a tax might be properly assessed and collected in cases like the present where the specific and individual items of property so used and employed were not continuously the same, but were constantly changing, according to the exigencies of the business. In such cases the tax might be fixed by an appraisement and valuation of the average amount of the property thus habitually used, and collected by distraint upon any portion that might at any time be found. . . . But looking at the statute under which the proceeding in question has been taken for the taxation of this property, we think it quite clear that it has no application to the rolling stock owned by the Baltimore and Ohio Railroad Company employed by it in the manner described in the operation of other rail-

roads in Virginia. . . . It follows from this that it was not liable for the payment of the taxes, the collection of which was enjoined by the decree of the circuit.''

See also by analogy *Mayor* v. *Alexander,* 10 Lea (Tenn.) 476; *Franklin County* v. *Railroad,* 12 Lea (Tenn.) 521; *Bank* v. *Memphis,* 101 Tenn. 154, 46 S. W. 557; *Southern Express Co.* v. *Patterson,* 122 Tenn. 279, 123 S. W. 353; *State Board* v. *Holliday,* 150 Ind. 216, 49 N. E. 14, 42 L. R. A. 826; *Yost* v. *Transportation Co.* (6 Cir.), 112 F. 746, 50 C. C. A. 511.

Appellant cites and relies upon *American Refrigerator Transit Co.* v. *Hall,* 174 U. S. 70, 19 S. Ct. 599, 43 L. Ed. 899, and other cases from the United States supreme court following the doctrine laid down in the Hall case. We think this (the Hall case) upholds the power of the state to enact such a statute as chapter 129, Laws of 1926, as not being violative of the Federal Constitution, but it is not authority that such a statute, when once enacted, may have a retroactive operation.

We have reached the conclusion that chapter 129, Laws of 1926, was not retroactive; and because of the nature of the property sought to be taxed, it was not taxable in Mississippi until the enactment of said chapter making it subject to assessment and taxation.

Under the view we take, it becomes unnecessary to discuss whether or not appellant was entitled to an execution for penalties provided by the statute for failure of the appellee to make reports. If appellee was liable for no taxes, it would follow it could not be assessed with the penalty.

The judgment of the court below is affirmed.

*Affirmed.*