**BOUCHILLON v. JORDAN.**

No. 73.

District Court, E. D. Mississippi, S. D.

Sept. 4, 1941.

Reily & Parker, of Meridian, Miss., for plaintiff.

Wilbourn, Miller & Wilbourn, of Meridian, Miss., and L. L. Martin, of Macon, Miss., for defendant.

MIZE, District Judge.

Plaintiff, a citizen of Mississippi, filed his suit against Claude Jordan, a citizen of the State of Illinois. Service of process was had upon the defendant by virtue of Section 11 of Chapter 148 of the Laws of 1938, as amended by Chapter 345, Laws of 1938, providing for service upon the secretary of state as agent of any nonresident motorist who caused an injury in the state while using the highways of the state. The Secretary of State of Mississippi is a resident citizen of Hinds County. The suit was filed in Noxubee County where the injury occurred and was thereafter by the defendant removed to the Federal Court, Eastern Division of the Southern District of Mississippi. Plaintiff contends that Chapter 246, Laws of 1940 authorized the venue in Noxubee County where the cause of action arose. The defendant has appeared and moved to dismiss the complaint for the reason that this court does not have jurisdiction of the cause of action and also challenges the constitutionality of Section 11 of Chapter 148 of the Laws of 1938, as amended by Chapter 345, Laws of 1938, and the constitutionality of Chapter 246 of the Laws of 1940.

 Section 11 of Chapter 148 of the Laws of 1938, as amended by Chapter 345, Laws of 1938, is constitutional. Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hendrick v. Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385. The statute sufficiently provides for the assurance of receipt of notice of filing of the suit by a nonresident defendant and the constitutionality of similar statutes in other states has been approved. The statute does not come within the condemnation of Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230. The fact that no venue is provided in the act itself does not render the statute so unreasonable as to offend any part of the Constitution.

 A motorist using the highways of the state automatically consents to the appointment of the Secretary of State as his agent for service of process. The effect of the statute is that the Secretary of State thereby automatically becomes the agent of the defendant. The defendant, therefore, is found, through this agent, in the county where the agent resides. The suit, therefore, under this statute, should have been filed in the Circuit Court of Hinds County or in the Jackson Division of the Southern District of Mississippi for the United States Courts. The Circuit Court of Noxubee County did not and could not acquire territorial jurisdiction of the defendant under this statute. American Surety Co. v. Holly Springs, 77 Miss. 428, 27 So. 612. The plaintiff contends, however, that having been served under the Laws of 1938, Chapter 345, then Chapter 246 of the Acts of 1940 controls the venue. The defendant contends that this Act has no retroactive effect and that the accident having occurred prior to 1940, that this statute will not aid the plaintiff's action.

 Chapter 246 of the Acts of 1940 is constitutional under the authorities hereinbefore cited. However, it has no application whatever to the present case. The law in Mississippi is that one of the well established rules of statutory construction is that a statute will be construed to be prospective, and not retroactive, when that can be done and preserve its meaning and purpose. State for Use of Robertson v. Miller, 144 Miss. 614, 109 So. 900. A statute will be given prospective operation unless the contrary intention is manifested by the clearest and most positive expression. State v. Union Tank Car Company, 151 Miss. 797, 119 So. 310. Under these authorities, as well as other pronouncements of the Mississippi Supreme Court,

this statute of 1940 must be given a prospective operation rather than a retroactive effect.

The motion of the defendant to dismiss, therefore, will be sustained for lack of jurisdiction and the cause dismissed for want of jurisdiction.