Mr. Justice Clayton
delivered the opinion of the court.
This was a petition, filed in the probate court of Carroll county, to set aside a final settlement made by the appellant, as guardian of the female petitioner, on the ground of fraud. The final account of the guardian was received and allowed by the court, in February, 1842. There is a demurrer to the relief prayed for.
It has been repeatedly decided, that the probate court had no *601 jurisdiction to set aside a settlement made by a guardian or an executor, at a term subsequent to that at which the decree is made. 5 S. & M. 130, 422, 751. If the decree were obtained by fraud, the remedy was in chancery. Turnbull v. Endicott, 3 S. & M. 304. This was the settled doctrine of this court prior to the statute of 1846, in regard to the powers of the probate court. Pam. Acts, 144.
It is insisted that this cause is embraced by the act of 1846, notwithstanding the settlement in question was made several years before its pagsage. It is true, the law provides a new remedy, but there is nothing to show that the legislature intended to give it a retrospective eifect. The operation of a law must always be prospective, unless the contrary intention is manifest, even in cases in which it would be admissible to the law-making power, to give it a retrospective eifect.
By the law in force at the time this settlement was made, it was final and conclusive, so far as the action of the probate court was concerned. It might operate harshly and unjustly on the appellant to take away the conclusive character which then attached to it. Indeed, the power of the legislature to open a judgment, and unsettle rights previously ascertained and declared by a competent tribunal, would hardly be asserted. But we can see no evidence of any such intention in this instance.
The order of the court, overruling the demurrer, is reversed, and the bill dismissed for want of jurisdiction.