Mr. Justice Clayton
delivered the opinion of the court.
The controversy in this case grows out of the eighth and eighteenth sections of the act of limitations of 1844. By the former it is provided, “ That judgments shall not be revived by scire facias, nor actions of debt be maintained thereon, nor executions issued, after the expiration of seven years next after the date of such judgment.” The latter provides, “ That the periods of limitations established by the act, shall commence *130 running from the date of the passage thereof.” It also provides, “ That its passage shall not stop the running of the limitations contained in any other act, when the same may have commenced before the passage thereof.” Hutch. Code, 831, 832.
In this case more than seven years had elapsed, between the issuance of the present execution and the one next preceding, and of consequence more than seven years had transpired after the judgment But the execution in controversy was issued in less than seven years after the passage of the law.
It is an established rule not to give a retrospective effect to a law, unless it is the manifest intention of the legislature, that such construction should be placed upon it.-/-No such intention is evinced in this instance. On the contrary, the declaration is express, that the period of limitation shall commence from the passage of the act. We should extend its operation beyond its plain provisions, if we were to make the law relate back and affect judgments rendered previous to its passage, and make it constitute a bar as to them by computing the time, between the rendition of the judgment and the passage of the law. This would also interfere with the last clause of the section, which contemplates the application of the previous laws, to those cases in which the limitation had commenced running at the time of the passage of this act.
It seems to us, therefore, that the law under consideration is only applicable where the period of limitation has elapsed subsequent to its passage. This was the view taken in the court below, and the judgment is affirmed.