Power, Secretary of State v. Calvert Mortgage Co.

[73 South. 51.]

1. Corporations. *Foreign corporations. Filing Charter. Statute. Now doing business within the state. Construction. Retroactive effect.*

    The amendatory Act of 1916, chapter 92, does not apply to corporations which had already complied with the law and were thereby lawfully doing business in this state. The act does not by its express terms require a refiling of any charter and the words "now or hereafter doing business in this state," should be interpreted to embrace foreign corporations in fact doing business in this state without having filed their charters, and paid the fees required by section 935 of the Code, and also corporations which should thereafter apply for admission into the state.

2. Same.

    The passage of chapter 92, Laws 1916, repealed section 935 of the Code and any demand thereafter made by the secretary of state is necessarily based upon the new act.

3. Same.

    To hold that this section requires corporations which had already complied with the law to refile their charters, would give to the act a retroactive effect and impose an additional burden upon those corporations doing business in this state by invitation and license of this state.

4. Same.

    A statute should not receive such construction as to make it impair existing rights, create new obligations, impose new duties in respect of past transactions, unless such plainly appear to be the intention of the legislature. In the absence of such plain expression of design, it should be construed as prospective only, although its words are broad enough in their liberal extent to comprehend existing cases.

Appeal from the chancery court of Hinds county.

Hon. O. B. Taylor, Chancellor.

Suit by the Calvert Mortgage Company against Joseph W. Power secretary of state. From a judgment for plaintiff, defendant appeals.

Appellee is a foreign corporation under the laws of Maryland, engaged in the business of lending money and securing same by mortgages within the state of Mississippi. In coming into the state it complied with the provisions of section 935, Code of 1906. While it was lawfully doing business in Mississippi the legislature passed an act amending section 935 of the Code, the amendatory act being chapter 92, Laws of 1916, approved April 6, 1916, effective from and after its passage. Demand was made upon appellee to refile its charter and pay the fees prescribed by the new act of 1916 aforesaid, and the appellee thereupon paid the fees under protest and brought this suit in the chancery court of Hinds county to recover the amount of the fees alleged to have been unlawfully demanded of it. The material portions of this statute were first enacted by the legislature in 1900, and thereafter were carried forward into the Code of 1906 as section 935. It is the contention of the secretary of state that the words "now or hereafter doing business in this state" requires a refiling and recordation of the charters of all foreign corporations doing business in the state at the time chapter 92, Laws of 1916, was approved. Appellee was permitted to recover in the court below, and from this decree appellant, the secretary of state, appeals.

The constitutionality of chapter 92 is attacked in the bill of complaint, but the disposition made of the case renders it unnecessary to set out all of the averments of the bill and all the points relied upon by appellee.

*George H. Ethridge,* Assistant Attorney-General, for appellant.

*Watkins & Watkins* and *Green & Green,* for appellee.

STEVENS, J., delivered the opinion of the court.

In our judgment, the legislature did not intend for the amendatory act of 1916 to apply to corporations which

had already complied with the law, and were thereby law-
fully doing business in our state. The act does not by its
express terms require a refiling of any charter and the
words "now or hereafter doing business in this state"
should be interpreted to embrace foreign corporations
in fact doing business in this state without having filed
their charters and paid the fees required by section 935
of the Code, and also those corporations which should
thereafter apply for admission into our state. The pas-
sage of chapter 92, Laws of 1916, repealed section 935 of
the Code, and any demand thereafter made by the sec-
retary of state is necessarily based upon the new act.
To hold that this section requires corporations which had
already complied with the law to refile their charters
would give to the act a retroactive effect and impose an
additional burden upon those corporations doing business
in Mississippi by invitation and license of our state.

Mr. Sedgwick on the Construction of Statutory and
Constitutional Law, at page 164, says:

"The effort of the English courts appears, indeed, al-
ways to give to statutes of that kingdom a prospective
effect only, unless the language is so clear and impera-
tive as not to admit of doubt. 'The principle,' says the
English Court of Exchequer, 'is one of such obvious con-
venience and justice that it must always be adhered to
in the construction of statutes, unless in cases where
there is something on the face of the enactment putting
it beyond doubt that the legislature meant it to operate
retrospectively.' "

Mr. Sutherland on Statutory Construction, par. 464,
says:

"A statute should not receive such construction as to
make it impair existing rights, create new obligations,
impose new duties in respect of past transactions, unless
such plainly appear to be the intention of the legislature.
In the absence of such plain expression of design, it
should be construed as prospective only, although its

words are broad enough in their literal extent to comprehend existing cases.''

The exaction of this license or charter fee is not primarily for the purpose of raising revenue, but is imposed as a method of regulating and supervising the corporate business done in our state by foreign corporations. The filing of these charters gives needed information to those doing business with foreign corporations, and no good could be accomplished by refiling these charters. The essential purpose of the amendatory act is the same as that sought to be accomplished by the code section. The amendatory act is not a new law, but purports to amend, and by its express terms does amend, and in some features perfects, section 935 of the Code.

Our view of this statute renders it unnecessary to discuss the constitutional questions.

*Affirmed.*