### Tishomingo County *et al. v.* McConville.[*]

(Division B. June 8, 1925.)

[104 So. 452. No. 24992.]

1. Eminent Domain. *County and municipality, excavating or lowering grade of street in construction of highway, held liable for damage to property abutting thereon.*

Where a county, under the provisions of section 7179, Heming-
way's Code (chapter 255, Laws of 1914), in constructing a high-
way through a municipality with the consent of the municipal
authorities, excavated and lowered the grade of a street in
front of plaintiff's property, thereby damaging it, both the county
and the municipality are liable to the plaintiff; the county being
an actor actually doing the damage, and the municipality ac-
quiescing in and consenting thereto, and having a duty to the
abutting property owners not to damage their property without
first paying the compensation therefor.

2. EMINENT DOMAIN. *County or municipality, changing grade of
street or road, is liable to abutting property owner for damages.*
Under section 17 of the Constitution of 1890, a county or munici-
pality that changes the grade of a street or road to the damage
of an abutting property owner is liable for damages resulting to
such property from such work.

*Headnotes 1. Eminent Domain, 20 C. J., section 546; 2. Eminent
Domain, 20 C. J., section 153.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by C. McConville against Tishomingo county
and another. Judgment against defendants jointly, and
they appeal, and plaintiff brings a cross-appeal. Af-
firmed on direct and cross appeal.

*Harry M. Rhine,* for appellant, town of Iuka.

Appellee had a residence facing and adjacent to what
had been known as Quitman street, the route of the Lee
Highway and in the construction of said highway the
street which had run in front of appellee's house was
excavated considerably deeper and appellee filed his
suit against Tishomingo county, the Lee Highway Road
District and the town of Iuka for seven hundred dollars
damages to his property by reason of this construction
and recovered a judgment for one hundred dollars against
all defendants from which judgment this appeal is prose-
cuted.

Section 170 of the Constitution of the state of Missis-
sippi will govern, for the sole or full jurisdiction of roads

is vested in the board of supervisors, a power that may be regulated, but which the courts and the legislature cannot take away from them. 54 Miss. 668, 59 Miss. 531, 60 Miss. 658. On the other hand the municipality is a child of the legislature and the powers that are delegated to it by the legislature may at any time be divested out of the municipality. *Canton* v. *Marshall*, 84 Miss. 268. The power of a municipality over its streets under an ordinary charter is subject to legislative control. *Donnaher* v. *State*, 8 Sm. & M. 649; *Hodges* v. *Western Union Telegraph Co.*, 72 Miss. 910.

To promote the building of roads the legislature, section 7179, Hemingway's Code, provides that "any public highways being constructed, improved and maintained under the provisions of chapter 149, Acts of 1910, or under chapter 257, Laws of 1912, or under any of the various methods of building good roads authorized by law of the state of Mississippi, where the same shall run or extend into or through any incorporated municipality within the district or districts operating under said act may be constructed, improved and maintained the same within as without the corporate limits of the municipality; provided, however, that with the consent of and in conjunction with the commissioners provided for in said act the municipality may, out of its own funds, add such street crossings, or make improvements such as grading, culverts, graveling or other improvements as it may desire, provided the mayor and board of aldermen by an order spread on its minutes consent for the work to be done by the commissioners."

Under that statute we contend that the appellant, the town of Iuka, is not liable and the peremptory instruction asked for should have been given. What jurisdiction did the municipality have in the building of said road without the consent of the commissioners, the representatives of the board of supervisors? The statute clearly takes the jurisdiction away from the municipality and vests it in the representatives of the board of super-

visors.   There is no restriction as to how the board of
supervisors spend the funds of said district in the mu-
nicipality more than there is out of same.   On the other
hand the municipality can only spend its funds with
the consent and in conjunction with the commissioners ap-
pointed by the board of supervisors and only then when
they spread on their minutes consent for the work to be
done by the commissioners.

The municipality must get the consent of the board of
supervisors before they can do anything toward the con-
struction of said road within their corporate limits, and
must go further, they must consent that the board of su-
pervisors do the work.   Who supervises the construction
of any work?   The one that has authority to so do.   What
authority has the municipality?   None save to offer a gift
which may be taken or refused as the board of super-
visors see fit.   Who lets the contract?   Who approves or
rejects the work, who maintains and exercises control of
same after it is built?   The board of supervisors!   Who
let the contract by which the grade was lowered and the
damage sustained by appellee—the board of supervisors
of Tishomingo county as authorized by said act.   On
the other hand the town of Iuka was a stranger to said
contract and had no part in it.   The commissioners have
never consented for the municipality to make any im-
provements in connection with said road.

*T. A. Clark* and *J. C. Jourdan, Jr.,* for appellant,
Tishomingo county.

We have been unable to find any statute in Mississippi
where the board of supervisors had jurisdiction over the
streets of a municipality or even have any concurrent
jurisdiction with the municipal authorities over streets,
but the exclusive jurisdiction over the streets of a mu-
nicipality is given by statute to the municipality.   Sec-
tions 5827, 5833, 5834 and 5835, Hemingway's Code;
*Blocker* v. *State,* 72 Miss. 720.

It is true that in this case the town attempted and did deed to the county Quitman street but the town authorities had no right to do this. They could not delegate their power and the record does not show that the board of supervisors had anything whatever to do with this procedure on the part of the town.

Section 7179, Hemingway's Code, is the one under which the appellee is contending the county is liable but this section does not take away from the town authorities jurisdiction over their streets, but it is expressly retained in the town authorities for the reason that act itself is that the board of aldermen shall consent for the work to be done by the commissioners. This scheme, chapter 225, Laws of 1914, was merely a scheme whereby the road commissioners of a road district and the board of supervisors could use money that had been voted in the issuance of bonds in constructing, improving and maintaining roads in a municipality and prior to the passage of this act they could not use any of the money within a municipality.

*W. D. Conn,* for appellee.

This road was constructed under the constitutional and statutory powers and authority of the board of supervisors of this county. Of this there is no question. If this alleged injury had been done outside of a municipality, under the law as it stands in this state, the county would have been liable. If the cut had been made by the municipality in improving its street itself, it would have been liable for the damage. These propositions are both too well settled to require citation of authorities to sustain them. On the county's appeal, then, the question is this: Where road commissioners, acting under the board of supervisors, construct a road through a municipality, as provided for in section 7179, Hemingway's Code, is the county liable for damages done property within the municipality, occasioned by the construction of the road

in accordance with plans and specifications approved by it, and under its orders and instructions? The appellant county answers this question in the negative. The appellee answers in the affirmative. For the town of Iuka the question may be stated as follows: Where a municipality has given road commissioners permission to construct a road through it, as provided by section 7179, Hemingway's Code, is it liable for damages accruing to private property by reason of the construction of the road through the municipality by the county authorities? Appellant, town of Iuka, says no; appellee says yes.

The disposition to be made of this appeal hangs upon the construction of section 7179, Hemingway's Code. In applying this statute to the case at bar, this court must determine whether, by "consenting" that this work might be done by the commissioners, the municipality has relieved itself of all responsibility for this street; and it must also be determined whether the county, by accepting the offer of the municipality and constructing this road through the municipality, has made itself liable for damages occasioned by the construction of the road within the municipality.

That a municipality is liable to an abutting owner for damages done to abutting property by lowering the grade of the street is not controverted, that is, when the grade is changed by the municipality itself. As stated by attorneys for appellant, county of Tishomingo, the control of a municipality over its streets is full and complete. The statute under construction does not take away from it any of the power or authority of a municipality over its streets. The statute is merely permissive; it is not mandatory in any sense whatever. Whether or not a municipality shall "consent" to the building of a road by the commissioners is a matter for its sound discretion. The legislature has neither added to nor taken from the authority any power of the municipality over its streets. That is the same after the statute was passed as it was before its passage. As stated, the power and authority

of a municipality over it streets is absolute and complete. This power has not been taken away, or even impaired, by this statute. It cannot damage abutting property by lowering the grade of the street when making its own improvements. Its duty to abutting property owners is also absolute. It cannot damage their property without making compensation therefor.; neither can it authorize another to do that which it is without authority to do itself, without being legally responsible for resultant damages. To hold otherwise would be to hold that the municipality had authority and power to authorize and empower another to do that which it could not do itself. This is a legal impossibility.

If the statute in question had deprived the municipality of its power and authority over such streets as the county might see fit to incorporate as links in any system of goods roads, the question would be different. But the statute does not do this. On the other hand, it recognizes the right and power of the municipality over its streets, and merely provides a scheme by which the municipality may give its voluntary consent to the construction of a road along its streets. There is nothing compulsory or mandatory about the statute. It is merely and purely permissive. Unquestionably, the municipality is liable, if it cannot voluntarily consent for another to do that which it cannot do itself.

Is the county also liable? If it had done the alleged damage outside a municipality, the county would most certainly have been legally responsible for damage to property occasioned by lowering the grade, or in other words, for making a deed cut in front of a man's property and cutting off ingress and egress to and from his property. As contended for by attorneys for appellant, county of Tishomingo, aside from section 7179, Hemingway's Code, counties have full jurisdiction over roads, and municipalities over streets. Their respective jurisdictions do not overlap. Boards of supervisors had to stay out of municipalities, and boards of aldermen had to stay within them. Supervisors deal with "roads."

Aldermen deal with "streets." In view of this statute, is this thoroughfare through the municipality of Iuka, known as Lee Highway, along what was known as Quitman street, now a "road" or a "street?" Attorneys for the county say they have been unable to find any statute in Mississippi where the board of supervisors had jurisdiction over the streets of a municipality. We concede frankly there is no such statute unless it be the statute in question, and now up for interpretation by this court. This statute does not, in so many words, confer jurisdiction upon the board of supervisors over streets in a municipality. But it does confer upon their creatures, the commissioners, authority upon certain conditions, which in the case at bar have been met, to construct, improve and maintain a "public highway" into or through a municipality, if the municipality be within the good road district. What more can be done to give jurisdiction?

The municipality of Iuka has permitted its construction through the town and the county should be required to take and exercise the right, or privilege, with all the burdens attaching to the right in any other part of the county.

As between this appellee and the appellants, it is our contention that both of them are clearly liable to him for the damage done his property. The county did it under legal authority and ought to pay for it. The municipality voluntarily consented that the county might do it, and for that reason is responsible for the damage. As between the appellants there may be some question as to which one must bear the burden, but in that question this appellee is not interested.

Anderson, J., delivered the opinion of the court.

Appellee, C. McConville, brought this action in the circuit court of Tishomingo county against the appellants, Tishomingo county and the town of Iuka jointly, for damages alleged to have been done his property in the town

of Iuka by lowering the grade of Quitman street in said town. There was a trial and judgment against appellants jointly for one hundred dollars, from which judgment appellants prosecute this appeal, and appellee prosecutes a cross-appeal.

Appellants each deny liability for the injury and damages done appellee's property. Each contends that under the evidence and the law the trial court erred in refusing its request for a directed verdict. Appellee prosecutes a cross-appeal upon the ground that the amount awarded by the jury was so grossly inadequate as to entitle appellee to another trial.

Appellee's property fronts one hundred and seventy-five feet on Quitman street in the town of Iuka. Appellee alleged and undertook to prove that appellants were liable to him for damage done his property in the construction of a county highway through the town of Iuka along Quitman street therein. In the construction of the highway by the county with the permission of the municipality, the grade was lowered from six to twelve feet in front of appellee's property, rendering ingress and egress to and from his property difficult. Injury and damage were shown without conflict in the evidence. The court directed a verdict in favor of appellee on the question of liability. That action of the court is unquestioned to the extent that injury and damage to appellee's property is admitted by both of appellants, but each denies liability therefor. The controlling facts are, in substance, as follows:

Quitman street in the town of Iuka runs east and west. A good roads district was organized by the board of supervisors of Tishomingo county for the purpose of constructing a road east and west through said county. The municipality of Iuka was included in this road district, and the road to be constructed was to run through the town of Iuka from east to west along Quitman street. Acting under the authority of section 1, chapter 255, Laws of 1914, (Hemingway's Code, section 7179), the town of Iuka made an order on its minutes for the con-

veyance of Quitman street to Tishomingo county, and also gave its consent under said statute, by order spread upon its minutes, for the construction and maintenance of the highway over Quitman street by the county road commissioners. Tishomingo county, pursuing the statute through the road commissioners, had plans and specifications made for the construction of the highway, including its construction through the town of Iuka, and later the contract was let and the highway constructed. In the construction of the highway, the injury and damage in question was done by the contractor in obedience to such plans and specifications.

The statute involved is in the following language (Hemingway's Code, section 7179 [Laws of 1914, chapter 255]): "Any public highway being constructed, improved and maintained under the provisions of chapter 149, of the Acts of 1910, or under chapter 257, of the Laws of 1912, or under any of the various methods of building good roads authorized by law of the state of Mississippi, where the same shall run or extend into or through any incorporated municipality within the district or districts operating under said act may be constructed, improved and maintained the same within as without the corporate limits of said municipality; provided, however, that with the consent of and in conjunction with the commissioners provided for in said act the said municipality may, out of its own funds, add such street crossings, or making improvements, such as grading, culverts, graveling or other improvements as it may desire. Provided the mayor and board of alderman shall, by an order, spread upon their minutes consent for the work to be done by the commissioners."

So far as the liability of the town of Iuka is concerned, that is settled in favor of its liability by the case of *Atkinson* v. *Town of Decatur,* 131 Miss. 707, 95 So. 689, construing this identical statute. Under the following cases municipalities are liable for the character of injury done appellee; *Vicksburg* v. *Herman,* 72 Miss. 211, 16 So. 434; *Jackson* v. *Williams,* 92 Miss. 301, 46 So. 551; *Robinson*

v. *Vicksburg*, 99 Miss. 439, 54 So. 858; *Slaughter* v. *Meridian*, 95 Miss. 251, 48 So. 6, 1040, 25 L. R. A. (N. S.) 1265; *Berry* v. *Mendenhall*, 104, Miss. 94, 61 So. 163; *Funderburk* v. *Columbus*, 117 Miss. 173, 78 So. 1. The effect of this statute, where a county and municipality come under its provisions, is to make the jurisdiction of the county and the municipality joint. As held in the *Atkinson case*, 131 Miss. 707, 95 So. 689, the municipality under the statute is not divested of its jurisdiction over its streets to the extent that it is relieved of liability for injuries received because of its defective bridges and streets. The statute simply gives the county joint jurisdiction with the municipality, to be exercised between them in the manner laid down by the statute.

The county let the contract and had the work done, resulting in injury and damage to appellee's property. Under section 17 of our Constitution, prohibiting the taking or damaging of private property for public use without due compensation having been first made, the county is liable for the injury and damage done appellee in this case. *Rainey* v. *Hinds County*, 78 Miss. 308, 28 So. 875; *Morris* v. *Covington County*, 118 Miss. 875, 80 So. 337; *Covington County* v. *Watts*, 120 Miss. 428, 82 So. 309; *Jackson* v. *Monroe County*, 124 Miss. 264, 86 So. 769. The county would have been liable for such an injury had it been done outside of the municipality on one of its county roads.

We hold, therefore, that, by virtue of the statute and section 17 of the Constitution, the county and municipality are jointly and severally liable for the injury and damage done appellee's property by the construction of the highway in question.

We find no merit in appellee's cross appeal. There was ample evidence to sustain a verdict of only one hundred dollars. From the evidence we cannot say that the verdict was so inadequate as to evince passion or prejudice on the part of the jury.

Affirmed both on direct and cross appeal.

*Affirmed.*