CITY OF LUMBERTON v. SCHRADER et al.

(Division B. May 18, 1936. Suggestion of Error Overruled Sept. 28, 1936.)

[168 So. 77. No. 32259.]

Davis & Davis, of Purvis, and **John A. Yeager**, of Lumberton, for appellant.

**J. M. Morse,** of Poplarville, and **Roy Bridges,** of Purvis, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

J. F. Schrader and the children of his wife, Mrs. J. F. Schrader, now deceased, filed suit in the circuit court of Lamar county to recover damages for personal injuries alleged to have been sustained by Mrs. Schrader because of the negligence of the city in failing or refusing to keep that part of Third street in front of the Lumberton post office in a safe condition for use by the appellees' intestate as one of the general public. Third street in the city of Lumberton is a part of the Mississippi-United States highway No. 11.

J. F. Schrader and his wife approached the post office for the purpose of securing a money order to buy certain planting seed. Mrs. Schrader got out of the automobile to go into the post office and fell, breaking her hip, and she died some five weeks after this injury.

The appellant contends that her death was not caused by the fall, but was the result of a disease which, it is claimed, she was afflicted with prior to the fall.

The testimony of the witnesses for the appellees shows that Mrs. Schrader got out of the automobile, started into the post office, and stumbled over some concrete rocks, or pieces of concrete, which had been left in the street for a long time, two years or longer. It seemed to be the theory of these witnesses that these pieces of concrete, or débris, near the post office, had been there since the completion of the post office, that this condition was known by the city, and that it constituted an apparent danger to persons who came to the post office in automobiles.

It was the theory of witnesses on behalf of the city of Lumberton that it was not liable, at all events, because the Legislature, by chapter 32, Laws of Extraordinary Session of 1935 (Gen. Loc. & Priv.), which became a law in October, 1935, provided: "That whenever the streets of a municipality are used by the state highway department as a part of its primary road system, that said state highway department shall maintain the streets so used at its own expense, and as a part of the highway system; that on the streets so thus made a part of the state highway system, that the municipalities shall not be liable for negligence in the maintenance or repair of said streets so thus apportioned to the state highway department." This act was approved October 2, 1935.

The injury in the case at bar occurred on March 2, 1935, but it is urged that the effect of the act was to take away all rights of action which had accrued prior to its passage which had not been reduced to judgment.

There was conflict in the evidence on the merits as to whether Mrs. Schrader's injury was caused by her stumbling against the stones or falling from the running board of the automobile. Witnesses for the city testified that she fell from the running board of the automobile and that her injuries were caused thereby. There was conflict also in the evidence as to whether the pieces of concrete were actually in the street at the time of the injury. The city introduced the street commissioner and the foreman of the street operations, who testified that no such stones were there at the time of the injury, and that they frequently observed the streets, and that the stones had not been in the street for the length of time testified to by the witnesses for the appellees. The city also introduced a report of death signed by a physician, which had been filed with the department of vital statistics, certifying that the deceased died from cancer.

Testimony from the appellees showed that Mrs. Schrader, the deceased, had been operated on, or treat-

ed, for alleged cancer some eight or ten years prior to her death, and that she had suffered no inconvenience or ill health from such disease since said treatment.

The court below rendered a judgment for the appellees for seven hundred sixteen dollars, from which the city of Lumberton appeals directly, and the appellees prosecute a cross-appeal as to the sufficiency of the judgment for the pain and suffering.

We are of the opinion that the statute referred to, chapter 32, Extraordinary Session of 1935, does not specifically provide for the abatement of any cause of action then in existence, nor does it expressly repeal any other act or acts. It is a familiar rule of the construction of statutes that they will not be retroactive, unless it is manifest, from the language, that the Legislature intended it to so operate. 25 Mississippi and Southern Digest, title, Statutes, Key Nos. 261 to 277, citing, among other cases, the following: Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977; Power v. Calvert Mtg. Co., 112 Miss. 319, 73 So. 51; State v. Miller, 144 Miss. 614, 109 So. 900. See, also, Barrington v. Barrington, 200 Ala. 315, 76 So. 81. Many other cases to the same effect in this state and other states could be cited, but we deem the above sufficient to show that the statute should not be construed so as to affect transactions occurring prior to its passage.

This court has held in several cases prior to the enactment of chapter 32, Extraordinary Session of 1935, that the fact that the state highway department had taken over city streets for construction and maintenance did not release the city from the obligation to use ordinary care to keep its streets in a reasonably safe condition for the use of persons who exercise reasonable care for their own safety. Town of Senatobia v. Dean, 157 Miss. 207, 127 So. 773; Tishomingo County v. McConville, 139 Miss. 589, 104 So. 452, and Atkinson v. Town of Decatur, 131 Miss. 707, 95 So. 689.

In view of the conclusion we have reached, it is not

necessary to decide whether it is within the power of the Legislature, under sections 14 and 24 of the State Constitution, to deprive a person of a right of action which has accrued. It is stated in 62 C. J., p. 1150, sec. 60, notes 32 and 33, that an action for tort accrues immediately on the commission of the tort. The question might be a difficult one, but, as to this, we express no opinion.

We think that the evidence was in such conflict that it became a question for the jury to decide whether the injury was occasioned as claimed by the appellees, and whether the stones had been in the street the length of time to charge the city with notice of their existence.

On the cross-appeal we think there is such a state of evidence that the jury may have concluded that most of the suffering and cause of death of Mrs. Schrader may have resulted from physical illness pre-existing the injury, and that the injury only contributed in a slight degree to her suffering.

The judgment of the court below, therefore, will be affirmed both as to the direct appeal and the cross-appeal.

Affirmed.