KLAAS *v.* CONTINENTAL SOUTHERN LINES, INC., et al.

No. 39723 October 10, 1955 82 So. 2d 705

*Hedgepeth, Ewing & Hedgepeth,* Jackson; *Hermon Dean,* Canton, for appellants.

*Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellees.

APPELLANTS IN REPLY.

ETHRIDGE, J.

The question is whether the 1952 statute providing for contribution between joint tort feasors is applicable to judgments rendered before that date, but which are affirmed on appeal and payment of them made by one judgment debtor after the statute went into effect. We do not think it is.

These two cases have been consolidated. On September 16, 1950, Clarence Klaas was killed in an automobile accident, and his widow, Mrs. Juanita Saunier Klaas, obtained a judgment on July 19, 1951, against Continental Southern Lines, Inc., M. S. Cox, Jr. and Lawyer Partee, in the amount of $15,000. In the same collision Lawrence J. Klaas, Sr. was killed, and his widow, Mrs. Ida Mary Klaas, and minor children, obtained a judgment on July 19, 1951, against Continental Southern Lines, Inc., M. S. Cox, Jr. and Lawyer Partee, in the amount of $40,000. From these judgments of the Circuit Court of Madison County, Continental, Cox and Partee appealed to this Court.

On April 15, 1952, Chap. 259, Mississippi Laws of 1952, went into effect. It provides: "Section 1. In any action for damages where judgment is rendered against two (2) or more defendants, jointly and severally, as

joint tort feasors, the defendants against whom such a judgment is rendered shall share equally the obligation imposed by such judgment, and if one (1) of such defendants pays an amount greater than the total sum of the judgment divided by the number of defendants against whom the judgment was rendered, then the other defendants shall be jointly and severally liable to him for the amount so paid in excess of his proportionate part; provided that no defendant shall be liable to any other defendant for more than his proportionate share of the original judgment.

"Provided further, that in determining, for the purpose of the above contribution, the number of defendants against whom the judgment has been rendered, an employer and his employee, or a principal and his agent, shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or commission of his employee or agent.

"Provided further, that the liability of such defendants against which such a judgment has been rendered shall be joint and several as to the plaintiff in whose favor such judgment has been rendered.

"Section 2. This act shall take effect and be in force from and after its passage."

On June 8, 1953, the two judgments of the circuit court were affirmed. Continental Southern Lines, Inc. v. Klaas, 217 Miss. 795, 65 So. 2d. 575; 217 Miss. 853, 65 So. 2d. 596. Suggestions of error were overruled on July 3, 1953. 217 Miss. 851, 65 So. 2d. 833; 217 Miss. 855, 65 So. 2d. 24, 834. On October 5, 1953, second suggestions of error were dismissed. 217 Miss. 851, 67 So. 2d. 256. On October 9, 1953, Continental paid in full both of these judgments, plus interest and damages.

On October 26, 1953, Continental filed in the Circuit Court of Madison County a "motion for judgment" or declaration in two separate actions, making Cox and Partee defendants, and process was served upon them.

These are the suits now before this Court. The motions or declarations alleged the above stated facts and demanded a judgment in each against Cox and his agent Partee for one-half of the amount paid by Continental in full for the judgments obtained against all of them in the Klaas cases. The demand was based upon Chap. 259, Laws of 1952. The circuit Court entered judgments in favor of Continental against Cox and Partee in the sums demanded, being one-half of the judgments previously paid by Continental, but refused to allow interest on the amount sued for from and after October 9, 1953, the date of payment. The circuit court held that the act did not deal with substantive rights, but was remedial and procedural in its nature; that a joint tort feasor who may have paid a judgment prior to the statute had a "right" of contribution, but could not enforce it; that Chap. 259 removed this bar; that the Supreme Court's judgment of affirmance was the judgment referred to in the act, and it was rendered after the effective date of the statute; and that the liability and rights of the parties under the act have their inception in the act of paying rather than in the act of rendering judgment, the date of payment being the determinative date. Hence the trial court thought that applying the statute to the present facts did not make it retroactive, but prospective only.

In brief, the significant dates are as follows: The accident occurred in 1950, judgment was rendered against Continental, Cox and Partee in 1951, Chap. 359 became effective in 1952, and the judgment was affirmed in this Court in 1953.

 Before Chap. 259 was passed, there was in Mississippi no right in joint tort feasors to obtain contribution between themselves. Thomas v. Rounds, 161 Miss. 713, 137 So. 894 (1931); Mississippi Central R. R. Company v. Roberts, 173 Miss. 487, 160 So. 604 (1935); Teche Lines v. Pope, 175 Miss. 393, 166 So. 539 (1936); Meridian City Lines v. Baker, 206 Miss. 58, 39 So. 2d 541 (1949).

██ ██ Although this might be regarded as an exception to the general rule allowing contribution, we think that this principle, irrespective of its merits or defects if it were being considered as an original question, was a part of the substantive law of the state prior to the passage of Chap. 259. Mississippi Central R. R. Company v. Roberts, supra, calls it "settled substantive law." The effect of the statute was to create rights which did not exist before. And it destroyed a valid defense to an action available before the enactment of the statute. Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912). It took away a substantive right, a valid defense, and created a right in a joint tort feasor who has paid the entire judgment.

██ ██ Of course whether a statute operates prospectively or retrospectively is a matter of legislative intent. But it is a well-settled and fundamental rule of statutory construction that statutes are to be construed as having only a prospective and not a retroactive effect, unless the purpose and intention of the Legislature to give them a retrospective operation clearly appears. 82 C. J. S., Statutes, Sec. 414, p. 981. In the instant case, appellants Cox and Partee had a valid defense to a suit for contribution by their joint tort feasor, Continental, prior to the passage in 1952 of Chap. 259. This valid defense was a substantive right. Hence the problem is to determine from the statute whether the Legislature intended to destroy this right retroactively.

██ ██ Sec. 2 specifically provides that "This act shall take effect and be in force from and after its passage." In McCullen v. State, 217 Miss. 256, 63 So. 2d 856 (1953), it was held that this provision in a statute unequivocally shows a legislative intention to make the statute prospective only in its operation. ██ ██ Sec. 1 of Chap. 259, states that "In any action for damages where judgment is rendered against two or more defend-

ants, jointly or severally, as joint tort feasors, the defendants against whom such a judgment is rendered shall share equally the obligation imposed by such judgment, . . ." Here we think that the Legislature was referring to judgments rendered after the effective date of the statute. The verb "is" is the third person singular, present indicative of the verb "be". Usually it denotes a present tense, but that limitation in this statute is not proper. By reason of the context, the meaning of this word may have future signification, and that appears to be the intention in Sec. 1, 48 C. J. S., p. 774. Somewhat analogous is Botts v. Simpson, 167 P. 2d. 231 (Calif. 1946).

■■ ■ There is nothing in the statute to indicate that the Legislature intended to make the new law apply to judgments rendered before its effective date. Many of the cases cited by Continental involve statutes which have express provisions concerning this retrospective effect. Cf. Pennsylvania Greyhound Lines, Inc. v. Rosenthal, 14 N. J. 372, 102 A. 2d. 587 (1954). The entirety of Chap. 259 indicates a contrary intention. It would have been easy for the Legislature to use appropriate words to indicate a purpose to make the right of contribution effective as to judgments already rendered, if it had desired to do so. In view of the prior rule of substantive law concerning contribution between joint tort feasors and the rule of construction that a statute will not be considered retroactive unless the legislative intent to make it so is clear, and because of the terms of the statute itself, we do not think that Continental can base a right to contribution against Cox and Partee upon Chap. 259, where the statute was passed after the judgments of the circuit court were rendered in 1951. Nor is the judgment which is referred to in the statute the judgment of the Supreme Court affirming the circuit court. Clearly the judgments of the trial court were the effective adjudications of plaintiffs' rights. ■■ ■

Their effect was suspended during appeal with supersedeas to the Supreme Court, but our judgment simply affirmed the validity of the judgments of the circuit court. Early v. Board of Supervisors, 182 Miss. 636, 181 So. 132 (1938); Stone v. McKay Plumbing Co., 200 Miss. 792, 30 So. 2d. 91 (1947).

Appellee Continental argues that the date which determines the application of Chap. 259 is when Continental paid the judgments; that each of the defendants was responsible for the full amount of the judgments, and had no vested right in any wish or desire that the sheriff would levy on only one of them, in view of Code Sec. 1901; that the statute was passed about eighteen months before the payment of the judgments, and its application here is not prospective, because it came into operation only upon the payment. Although there is some authority to support this argument as a matter of general law, we are here asked to apply a Mississippi statute, with its own particular terms.

■■ ■ The problem is to ascertain the Legislature's intent. The act provides that in suits where judgment is rendered against joint tort feasors, and where one of them has paid more than his pro rata share, then the other defendants are liable for their pro rata shares. The rendition of a judgment against the joint tort feasors is a condition precedent to liabilities between them, of a significance equal to that of subsequent payment by one of them. We are not willing to say that the incident of payment alone is the determining factor under the statute. A judgment must also have been rendered, subsequent to the effective date of the statute. We do not consider here whether the accident must have occurred after the statute went into effect, since that is not necessary to this decision. The cross appeal and motion to dismiss it become immaterial in view of the disposition of this case. The two final judgments of the circuit court, in the causes consolidated on this appeal, in favor

of Continental, are reversed, and judgment is rendered here for appellants Cox and Partee.

Reversed and judgment rendered for appellants.

*Roberds, P. J.,* and *Hall, Lee, Kyle* and *Gillespie, JJ.,* concur.