DICKINSON, PRESIDING JUSTICE,
CONCURRING IN RESULT ONLY:
¶ 16. I agree Rochell was not entitled to parole under Mississippi Code Section 47-7-18(1). But whether that statute applies prospectively or retroactively is not the issue. And the majority, erroneously concluding that it is the issue, applies the incorrect legal standard. So I concur in result only.
¶ 17. We review questions of statutory interpretation de novo, and “[o]ur primary goal in interpreting statutes is ‘to adopt that interpretation which will meet the true meaning of the Legislature.’ ”[7] “To determine legislative intent, the Court first looks to the language of the statute. If the words of a statute are clear and unambiguous, we apply the plain meaning of’ those words, and we have no need “to apply principles of statutory construction.”[8] In other words, in the absence of statutory ambiguity, ordinarily we give effect to a statute’s plain language.
¶ 18. A different standard applies for the specific question of whether a newly enacted statute should be given a prospective or retroactive application. “In a long line of cases,” we have “followed the rule that” we will construct statutes “to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression.”[9] This standard, of course, applies only where the question of retroactive application is at issue. Here it is not.
¶ 19. Black’s Law Dictionary defines “retroactive” as “extending in scope or effect to matters that have occurred in the past.”[10] It defines “retroactive law” as “[a] legislative act that looks backward or contemplates the past, affecting acts or facts that existed before the act came into effect.” [11]
¶ 20. Rochell does not ask this Court to apply a new statute to “matters that have occurred in the past.” Rather, he argues that newly enacted parole statutes should apply to his presently existing parole-eligi *777 ble status, and his request to be paroled, a request he made after the statutes were enacted. The very cases cited by the majority on the prospective/retroactive standard confirm that this standard does not apply to Rochell’s claim.
¶ 21. For instance, in Mladinich v. Kohn, we considered whether Mississippi’s newly enacted long-arm statute applied to a tort committed before its enactment.[12] Similarly, in Hudson v. Moon, we considered whether the repeal of a statute affecting certain property interests affected an interest that vested in the property prior to the repeal.[13] Here, by contrast, we consider what statutes control a present parole request made by a presently parole-eligible inmate.
¶ 22. Because this case does not concern the prospective/retroactive distinction, our analysis should begin with the plain language of the statutes at issue. Rochell claims he is entitled to the benefit of Mississippi Code Section 47-7-18(1), which provides:
(1) Each inmate eligible for parole pursuant to Section 47-7-3, shall be released from incarceration to parole supervision on the inmate’s parole eligibility date, without a hearing before the board, if:
(a) The inmate has met the requirements of the parole case plan established pursuant to Section 47-7-3.1;
(b) A victim of the offense has not requested the board conduct a hearing;
(c) The inmate has not received a serious or major violation report within the past six (6) months;
(d) The inmate has agreed to the conditions of supervision; and
(e) The inmate has a discharge plan approved by the board.[14]
Rochell argues that the language—“[e]ach inmate eligible for parole pursuant to Section 47-7-3”—unambiguously provides that this statutes applies to every parole-eligible offender, and that he is one such person. While this argument, in isolation, has some merit, we have held that an apparent conflict between two statutes which concern the same subject matter results in ambiguity necessitating resort to rules of statutory construction.[15]
¶23. Here, such an apparent conflict exists. Viewed in isolation, Section 47-7-18(1) appears to say that all parole-eligible offenders will receive parole without a hearing if the enumerated conditions exist. But Mississippi Code Section 47-7-13 states “[a] decision to parole an offender convicted of murder or a sex-related crime shall require the affirmative vote of three (3) members.”[16] Obviously, under this statute, one convicted of murder—like Roc-hell—cannot be entitled to automatic parole because his parole is contingent on an affirmative vote of three members of the Parole Board. Thus, the two statutes governing a common subject, parole, conflict.
¶ 24. “It is a well-settled rule of statutory construction that “when two statutes pertain to the same subject, they must be read together in light of legislative intent.’ ”[17] “Following the rules of statutory *778 construction, repeal of statutes by implication is not favored.”[18] “ ‘[Wjhere in a subsequent statute there is no express repeal of a former, the court will not hold the former to be repealed by implication, unless there is a plain and unavoidable re-pugnancy between them.’”[19] “We have said that ‘statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each.’ ”[20]
¶ 25. Further, “[t]his Court has also recognized that in resolving the conflict of specific versus general statutory provisions: ‘To the extent that two constitutional or statutory provisions overlap or conflict, specific provisions control over general provisions.’ ”[21]
¶ 26. With two statutory provisions concerning parole in conflict, the more specific statute requiring an affirmative vote to parole those convicted of murder and sex offenses must control over the more general statute granting presumptive parole. The only way to read these two statutes in concert—which this Court must do if possible—and avoid finding that Section 47-7-13 has been repealed implicitly, is to conclude that those convicted of murder, like Rochell, are not entitled to the benefit of Section 47-7-18(1).
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. Legislature of State of Miss. v. Shipman, 170 So.3d 1211, 1214-15 (Miss. 2015) (citing 5K Farms, Inc. v. Miss. Dep't of Revenue, 94 So.3d 221, 225 (Miss. 2012); quoting Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1276 (Miss. 2006)).

. Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss. 2011) (citing Pinkton v. State, 481 So.2d 306, 309 (Miss. 1985); Clark v. State ex ret Miss. State Med. Ass’n, 381 So.2d 1046, 1048 (Miss. 1980); Gilmer v. State, 955 So.2d 829, 833 (Miss. 2007)).

. Mladinich v. Kohn, 186 So.2d 481, 483 (Miss. 1966) (citing Hooker v. Hooker, 18 Miss. (10 S. & M.) 599 (1848); Brown v. Wilcox, 22 Miss. (14 S. & M.) 127 (1850); Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912); Power v. Calvert Mortg. Co., 112 Miss. 319, 73 So. 51 (1916); State ex rel. Knox v. Union Tank Car Co., 151 Miss. 797, 119 So. 310 (1928); Bell v. Union & Planters' Bank & Trust Co., 158 Miss. 486, 130 So. 486 (1930); Miss. Cent. R.R. Co. v. City of Hattiesburg, 163 Miss. 311, 141 So. 897 (1932); City of Lumberton v. Schrader, 176 Miss. 272, 168 So. 77 (1936); Jefferson Standard Life v. Dorsey, 178 Miss. 852, 173 So. 669 (1937); U.S. Fid. & Guar. Co. v. Maryland Cas. Co., 191 Miss. 103, 199 So. 278 (1941); McCullen v. State ex rel. Alexander, 217 Miss. 256, 63 So.2d 856 (1953); Klaas v. Cont'l S. Lines, 225 Miss. 94, 82 So.2d 705 (1955); Home v. State Bldg. Comm'n, 233 Miss. 810, 103 So.2d 373 (1958)).

. Retroactive, Black’s Law Dictionary 1122 (abr. 9th ed.).

. Retroactive Law, Black's Law Dictionary 1122 (abr. 9th ed.).

. Mladinich, 186 So.2d at 481.

. Hudson v. Moon, 732 So.2d 927, 931 (Miss. 1999).

. Miss. Code Ann. § 47-7-18(1) (Rev. 2015).

. Tunica Cty. v. Hampton Co. Nat'l Sur., LLC, 27 So.3d 1128, 1133 (Miss. 2009).

. Miss. Code Ann. § 47-7-13 (Rev. 2015).

. Tunica Cty., 27 So.3d at 1133 (quoting Lenoir v. Madison Cty., 641 So.2d 1124, 1129 (Miss. 1994)).

. Tunica Cty., 27 So.3d at 1133 (citing Roberts v. Miss. Republican Party State Exec. Comm., 465 So.2d 1050, 1051 (Miss. 1985)).

. Tunica Cty., 27 So.3d at 1133-34 (quoting Roberts, 465 So.2d at 1051).

. Tunica Cty., 27 So.3d at 1134 (quoting Miss. Gaming Comm’n v. Imperial Palace of Miss., 751 So.2d 1025, 1029 (Miss. 1999)).

. Harrison v. State, 800 So.2d 1134, 1137 (Miss. 2001) (quoting Yarbrough v. Camphor, 645 So.2d 867, 872 (Miss. 1994)).