-DICKINSON, PRESIDING JUSTICE,
CONCURRING IN RESULT ONLY:
■¶ 17. The majority correctly concludes that Mississippi Code Section 47-7-8.1 does not entitle Drankus to a case plan. But the majority errs by framing the issue as one of prospective versus retroactive application,-an error that caused the majority to apply an incorrect legal standard. So I concur in result only.
¶18. We review questions of statutory interpretation de novo, and “[o]ur primary goal in interpreting statutes is ‘to adopt that interpretation which will meet the true meaning of the Legislature.’”[6] “To determine legislative intent, we first look to the language of the statute, and when we find them to be ‘clear and unambiguous, we apply the plain meaning’ of those words, and we have no need ‘to apply principles of statutory construction.’[5] In *1242 other words, in the absence of statutory ambiguity, we give effect to a statute’s plain language.
¶ 19. A different standard applies for the specific question of whether a newly enacted statute should be given a prospective or retroactive application. “In a long line of cases,” we have “followed the rule that” we will construct statutes “to have a prospective operation only, unless a contrary intention is manifested'by.-the clearest and most positive expression.”[7] This standard, of course, applies only where the question of retroactive application is at issue. Here it is not.
¶20. Black’s Law Dictionary defines “retroactive” as “extending in scope or effect to matters that have occurred in the past.”[8] It defines “retroactive law” as “[a] legislative act that looks backward or contemplates the past, affecting acts or facts that existed before the act came into effect.”[9] Drankus does not ask this Court to apply a new statute to “matters that have occurred in the past.” Rather, he argues that newly enacted parole statutes should apply to his presently existing parole-eligibility status.
¶ 21. Our cases considering the prospective/retroactive standard confirm that this standard does not apply to Drankus’s claim. In Mladinich v. Kohn, we considered whether Mississippi’s newly enacted long-arm statute applied to a tort committed before its enactment.[10] Similarly, in Hudson v. Moon, we considered whether the repeal of a statute affecting certain property interests affected an interest that vested in the property prior to the repeal.[11] Here, by contrast, we consider what statutes control Drankus’s request for a case plan based on his present status as a parole-eligible offender.
¶ 22. Because this case does not concern the prospective/retroactive distinction, our analysis should begin with the plain language of the statute at issue. Drankus claims he is entitled to a case plan under Mississippi Code Section 47-7-3.1, which provides:
(1) In consultation with the Parole ■ Board, the department shall develop a case plan for all parole eligible inmates to guide an inmate’s rehabilitation while in the department’s custody and to reduce thé likelihood of recidivism after release.
(2) Within ninety (90) days of admission, the department shall complete a case *1243 plan on all inmates which shall include, but not [be] limited to:
(a) Programming and treatment requirements based on the results of a risk and needs assessment;
(b) Any programming or. treatment requirements contained in the sentencing order; and
(c) General behavior requirements in accordance with the rules and policies of the department.
(3) The department shall provide the inmate with a written copy of the case pían and the inmate’s caseworker shall explain the conditions set forth in the case plan.
(a) Within ninety (90) days of admission, the caseworker shall notify the inmate of their parole eligibility date as calculated in accordance with Section 47-7-3(3);
(b) At the time a parole-eligible inmate receives the case plan, the
. department shall send the case plan to the Parole Board for approval.
(4) The department shall ensure that the case plan is achievable prior to inmate’s parole eligibility date.
(5) The caseworker shall meet with the inmate every eight (8) weeks from the date the offender received the case plan to review the inmate’s case plan progress.
(6) Every four (4) months the department shall electronically submit a progress report on each parole-eligible inmate’s case plan to the Parole Board. The board may meet to review an inmate’s case plan and may provide written input to the caseworker on the inmate’s progress toward completion of the case plan.
(7) The Parole Board shall provide semiannually to the Oversight Task Force the number of parole hearings held, the number of prisoners released to parole without a hearing and the number of parolees released after a hearing.[12]
¶ 23. This statute, according to Drankus, unambiguously provides that every parole-eligible offender is entitled to a case plan because the statute states that “the department shall develop a case plan for all parole eligible inmates.” Viewed in isolation, this language supports Drankus’s view. But, an apparent conflict between two related statutes—or in this case, between separate provisions of the same statute—results in ambiguity necessitating application of the rules of statutory construction.[13] One “well-settled” rule of statutory construction provides “that ‘when two statutes pertain to the same subject, they must be read together in light of legislative intent.’”[14] “We have said that ‘statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each.’ ”[15]
¶ 24. Here, the statute requires that “the department shall develop a case plan for all parole eligible inmates.” But it then sets forth requirements for the content of that case plan, and some of these requirements cannot possibly be met for many *1244 parole-eligible inmates, Drankus included. For instance, “[w]ithin ninety (90) days of admission, the department shall complete a case plan on all inmates.” Because Dran-kus was admitted more than ninety days before this law took effect, the Department could not comply with this temporal directive. Similarly, the statute requires the department to “ensure that the case plan is achievable prior to inmate’s parole eligibility date.” Because Drankus’s parole-eligibility date arrived before the law took effect, the Department could not comply with this requirement either.
¶ 25. The statute cannot be completely satisfied if applied to Drankus, so I would find that the best interpretation of the statute’s plain language, when read as a whole, is that “all parole eligible offenders” refers to all parole-eligible offenders to whom the statute can be applied completely. And while, for this reason, I concur -in the result the majority reaches, I disagree that this case involves any question of retroactive application.
KITCHENS, J., JOINS THIS OPINION IN PART.

. Legislature of State of Miss. v. Shipman, 170 So.3d 1211, 1214-15 (Miss. 2015) (citing 5K Farms, Inc. v. Miss. Dep't of Revenue, 94 So.3d 221, 225 (Miss. 2012); quoting Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1276 (Miss. 2006)).

. Lawson v. Honeywell Int’l, Inc., 75 So.3d 1024, 1027 (Miss. 2011) (citing Pinkton v. *1242 State, 481 So.2d 306, 309 (Miss. 1985); Clark v. State ex rel. Miss. State Med. Ass'n, 381 So.2d 1046, 1048 (Miss. 1980); Gilmer v. State, 955 So.2d 829, 833 (Miss. 2007)).

. Mladinich v. Kohn, 186 So.2d 481, 483 (Miss. 1966) (citing Hooker v. Hooker, 18 Miss. (10 S. & M.) 599 (1848); Brown v. Wilcox, 22 Miss. (14 S. & M.) 127 (1850); Richards v. City Lumber Co., 101 Miss. 678, 57 So. 977 (1912); Power v. Calvert Mortg. Co., 112 Miss. 319, 73 So. 51 (1916); State ex rel. Knox v. Union Tank Car Co., 151 Miss. 797, 119 So. 310 (1928); Bell v. Union & Planters’ Bank & Trust Co., 158 Miss. 486, 130 So. 486 (1930); Miss. Cent. R.R. Co. v. City of Hattiesburg, 163 Miss. 311, 141 So. 897 (1932); City of Lumberton v. Schrader, 176 Miss. 272, 168 So. 77 (1936); Jefferson Standard Life v. Dorsey, 178 Miss. 852, 173 So. 669 (1937); U.S. Fid. & Guar. Co. v. Maryland Cas. Co., 191 Miss. 103, 199 So. 278 (1941); McCullen v. State ex rel. Alexander, 217 Miss. 256, 63 So.2d 856 (1953); Klaas v. Cont’l S. Lines, 225 Miss. 94, 82 So.2d 705 (1955); Horne v. State Bldg. Comm'n, 233 Miss. 810, 103 So.2d 373 (1958)).

. Retroactive,' Black's Law Dictionary 1122 (abr. 9th ed.),

. Retroactive Law, Black's Law Dictionary 1122 (abr. 9th ed.).

. Mladinich, 186 So.2d at 481.

. Hudson v. Moon, 732 So.2d 927, 931 (Miss. 1999).

. Miss. Code Ann. § 47-7-3.1 (Rev. 2015).

. Tunica Cty. v. Hampton Co. Nat’l Sun, LLC, 27 So.3d 1128, 1133 (Miss. 2009),

. Tunica Cty., 27 So.3d at 1133 (quoting Lenoir v. Madison Cty., 641 So.2d 1124, 1129 (Miss. 1994)).

.Tunica Cty., 27 So.3d at 1134 (quoting Miss. Gaming Comm’n v. Imperial Palace of Miss., 751 So.2d 1025, 1029 (Miss. 1999)).